In the Matter of the Estate of THOMAS BRADY, Deceased.

Surrogate's Court, Kings County, May 11, 1933.

*James Fawcett,* for Joseph Brady, petitioner.

*Van Vorst, Siegel & Smith* [*Homer W. Lynch* of counsel], for Pauline M. Brady, as administratrix of the estate of Thomas F. Brady.

*Josephine M. Cain,* for John V. Cain, trustee.

*John Howard Keim,* special guardian.

WINGATE, S. The present proceeding is one for the modification of a decree on accounting entered in this court on the 7th of July, 1927, which settled the accounts of the executor and directed him to turn over various sums to himself as trustee of two trusts, respectively for Thomas and Joseph Brady, the sons of the decedent. The instant application was instituted by an order to show cause,

issued on March 3, 1933, almost six years after the decree was entered. The affidavit upon which it is based alleges that an error was made in the figures inserted in this decree.

No controversy exists respecting the applicable law, both sides agreeing that the court has the power to modify a decree previously entered upon a demonstration that an obvious clerical error has been committed in connection therewith, and that it has no such power to correct an error of law, the sole remedy in the latter instance being by appeal (*Matter of Dunne*, 138 Misc. 840), the time for which in the present instance has long since expired.

The sole question for decision, therefore, is as to whether the alleged error at which complaint is directed was one of a clerical nature or one of law.

Testator's will directed that the residue of his estate be erected into two trusts for his two sons, the *first*, which was dedicated to the use of Joseph Brady, comprising one-half of the remainder of his estate, " less one-half of such sum as shall be due me from my son Joseph Brady." The *second* trust, of which Thomas Brady was the life tenant, was of the other half of the residue of the estate " increased by one-half the amount of such sum as shall be due and owing at the time of my death by my son Joseph Brady."

Schedule " A " of the executor's accounts, among other assets, enumerated the following: " Promissory note, made by Joseph H. Brady, to the deceased dated February 10th, 1920. Principal of note, $3,650.00 and interest to November 15th, $1,476.00. * * * Promissory note, made by Joseph H. Brady, to the deceased in the sum of $3,000.00, dated June 16, 1917, with interest at 4%. The principal amount is $3,000.00. Interest to Nov. 15, 1926, $1,695.00."

Schedule " G " of the account recites the following: " At the time of the death of the decedent, the son Joseph Brady was indebted to his father on two promissory notes. One note signed by Joseph Brady is for $3,650, dated February 10th, 1920, and does not bear interest. The second note signed by Joseph Brady is for $3,000 dated June 16th, 1917, and does not bear interest.

" At the time of decedent's death, the note for $3,000 dated June 16th, 1917, was almost 6 years old. A question arises as to whether or not this note comes within the provision of paragraph ' Tenth ' of decedent's will, which paragraph creates the trust estate, and whether or not said sum can be included within the clause ' such sum as shall be due from my son Joseph Brady.' Determination of this question is respectfully requested."

On May 31, 1927, this court rendered an opinion which, so far as presently pertinent, read as follows: " The intention of the testator

as indicated by his use in Paragraph Tenth of will of the words ' such said sum as shall be due me from my son Joseph Brady,' must be held to include only the note which was not barred by the Statute of Limitations, and not to include the note which was barred."

The foregoing are the only portions of the record in any way pertinent to the present controversy.

In the provisions of the decree directing the erection of the trusts, one-half of the \$3,650 note dated February 10, 1920, plus the interest thereon amounting to \$1,476, which items were included in Schedule " A " of the account as above noted, were deducted from the trust principal of Joseph and added to that for Thomas in the manner directed in the will. The nub of the present controversy is as to whether the inclusion in this deduction and addition, respectively, of the sum of \$1,476 for interest on this note was or was not a clerical error.

The statement in Schedule " G," that this note " does not bear interest," is, of course, merely a conclusion of law with no facts alleged upon which a determination of the question can be based. It is further an indirect contradiction of the noted entry in Schedule " A " of the existence of such interest as a principal asset of the estate.

In view of these facts and of the presumption of regularity of the decree, it must be held that the effect of the signature and entry thereof was a legal determination of the incorrectness of the conclusion of law stated in Schedule " G " of the account and of the correct inclusion of. the interest item in Schedule " A." It follows, therefore, that such determination, if erroneous, was the decision of a question of law which cannot be remedied at this time.

The same result would be attained by approaching the solution of the question from the standpoint of the burden of proof. It is primary that any person seeking the affirmative action of a court has the burden of demonstrating its jurisdiction to grant the relief sought. In the present instance this jurisdiction exists only if the inclusion of the interest was a clerical error. In support of the burden of this demonstration, the applicant has neither produced the note, which he alleges to be lost, nor any other affirmative evidence, and points merely to the conflicting statements in the accounts of the executor. Under such circumstances, it is, of course obvious that he has not met the onus which rests upon him.

The petition must, therefore, be dismissed, with costs.

Proceed accordingly.