In the Matter of the Estate of WALTER BAKER, Deceased.

Surrogate's Court, Kings County, October 28, 1936.

*Max Schulman*, for the petitioner, Henrietta Baker.

*George J. Mullen*, for the contestant, Clara Petersen.

WINGATE, S. This is an application on behalf of a statutory distributee, named as such in the petition for probate, for an oral examination of the subscribing witnesses to the propounded instrument.

Objection to the issuance of an order directing the examination is predicated solely on the ground that (1) " the application is based solely upon the affidavit of the attorney for the contestant and the moving papers contain no affidavit of the contestant herself; " (2) " the moving papers fail to disclose the items upon which an examination is sought; " and (3) " the examination is not sought in good faith and is sought for the purpose of harassing and annoying the proponents as well as the subscribing witnesses."

The third alleged ground may be dismissed with the observation that it states merely a conclusion which renders any pleading wholly nugatory. (Surr. Ct. Act, § 49; *Hyman* v. *Levin*, 243 App. Div. 6; *Matter of Brady*, 147 Misc. 613, 615; *Matter of Schrier*, Id. 539, 540; *Matter of Zaiss*, Id. 616, 617; *Matter of Goldman*, 158 id. 497, 499.) Furthermore, if a right is given, as is the case in this connection, the motive actuating the assertion of that right is wholly irrelevant in any application for its enforcement.

The other two objections indicate merely the confusion of the proponents respecting the nature of the right which the applicant seeks to enforce. This is emphasized by the three authorities cited in their brief. *Orne* v. *Greene* (74 App. Div. 404) was an application for the examination of an adversary before trial pursuant to subdivision 4 of section 872 of the Code of Civil Procedure, which subject is now regulated by sections 288 *et seq.* of the Civil Practice Act. *Wolff* v. *Kaufman* (65 App. Div. 29) concerned a bill of particulars, the pertinent provisions concerning which are now contained in section 247 of the Civil Practice Act and rules 115–117 of the Rules of Civil Practice; and *Breyer* v. *Block* (205 App. Div. 255) was an application for a discovery and inspection of documents treated in sections 324 *et seq.* of the Civil Practice Act.

In connection with all of these forms of relief, the right of the applicant is conditional upon preliminary demonstrations as to the burden of proof, the relevancy of the information sought and the exigencies of the particular case, many of which may be peculiarly within the personal knowledge of the individual litigant.

The object presently sought is wholly diverse, and the right is unconditioned in the enactment containing its grant. It is found in the last sentence of section 141 of the Surrogate's Court Act, which reads: "Any party to the proceeding, before or after filing objections to the probate of said will, may request the oral examination of the subscribing witnesses * * * and any other witness produced by the proponent before the surrogate."

The right thus granted is unconditional except for the requirement that it may be sought only by a " party to the proceeding." Any such party is granted the right without any qualification or preliminary showing whatsoever. All he need do is to " request " it, and the obligation for award follows as an inevitable sequence. It is no more an examination before trial than is the prelininary examination of an accountant under section 263 of the Surrogate's Court Act (*Matter of Van Volkenburgh*, 128 Misc. 819, 822; affd. on opinion below, 226 App. Div. 10; affd., 254 N. Y. 139; *Matter of Ebbets*, 149 Misc. 260, 264), and the practice in respect to examinations before trial is wholly inapplicable thereto. All that is required is a " request," which is the equivalent of a demand or notice. When this is given on behalf of a party a grant of the relief must follow.

The purpose of the enactment is to enable all persons interested in the subject-matter to receive full and free information respecting the testamentary act from the persons selected by the testator as those upon whom the primary duty should rest of validating his expressions of devolutionary desire and has always been accorded the most liberal interpretation. (*Matter of Woerz*, 174 App. Div. 430, 432; *Matter of Beeman*, 221 id. 129, 132; *Matter of Felenstein*, 144 Misc. 345, 346; *Matter of Burnstine*, Id. 254, 255.)

Since in the case at bar a mere notice of examination would have been ample to secure the right thereto, the addition of the affidavit of the attorney of the party cannot be deemed to have nullified it. The application is accordingly granted, with costs.

Enter order on notice in conformity herewith.