Archibald C. Wemple, J.
The respective attorneys for the proponent and the contestant filed supporting affidavits with pertinent citations of law.
The court has obtained from the court reporter a copy of the minutes and carefully read the same. The documents in this case, including the objections filed, minutes, affidavits and verdict amply bear out the fact that this contest was without merit. The will in question was drafted by an attorney at law, Duncan S. McNab, Esq., and witnessed by him and his father, Walter S. McNab, Esq., both of whom are highly respected members of the Schenectady County Bar. The record is bereft of any evidence that the mental condition of the testator was impaired by illness or otherwise. The will was carefully read to the testator by the draftsman. In addition, there was some explanation in the Polish language by one of the sons, of the terms of the will.
There is nothing to show any impropriety and certainly no showing of pressure, domination or undue influence affecting the testamentary act.
The contestant, before the trial, made an exhaustive examination of the witnesses to the will, the proponent and his brother, and obtained adequate information upon which to determine whether or not the will was valid, and whether or not the testator signed the will as his voluntary testamentary act. The contestant could and should have satisfied herself in the course of the examination before trial.
Under the circumstances outlined above, this court awards costs in the amount of $340 to the proponent against the contestant, Agnes P. Davis. The said costs should not be charged against the estate, but should be borne by the unsuccessful litigant who has chosen the forum of the trial court to pursue her claim after she had sworn information which would have satisfied a reasonable person that the will was a natural and valid instrument.