Harry G. Herman, S.
The proponent has applied at the foot of the probate decree for an order charging the objectant personally with the amount of costs to be allowed to proponent in this contested probate proceeding. The probate decree contained a provision permitting application to be made at the foot of the decree after the decree had become final.
In the early case of Matter of Castles (2 N. Y. S. 638) the test of discretion was stated to be dependent upon “ evidence of the *196 good faith of the contestant, and a fair prospect of his success that will convince the mind of any intelligent lawyer * * * that there was reasonable ground for the contest, and some independent evidence to support it ”.
When a person interested files objections in good faith and upon reasonable grounds he should be entitled to have his objections investigated without subjecting himself to costs (Matter of Webb, 194 App. Div. 915). In Matter of Coddington (281 App. Div. 143, affd. 307 N. Y. 181) the Appellate Division reversed the decree of the Surrogate awarding costs against the objectant personally upon the ground that there was some evidence tending to support the objection as to the lack of testamentary capacity and to negative bad faith.
The question of good faith depends largely upon whether there is any substantial basis for a contest. In Matter of Kurowski (5 Misc 2d 195) costs were assessed against the contestant personally since it appeared that she had sworn information sufficient to satisfy a reasonable person that the will was a natural and valid instrument. In Matter of Rogers (127 Misc. 428) costs were awarded against an unsuccessful contestant where it appeared that there was an utter lack of evidence and a verdict was directed in favor of proponent; in Matter of Rogers (supra), persistence in a contest to the extent of forcing upon proponent the expense of a trial by jury was considered by the court as one of the factors in awarding costs against the unsuccessful contestant, although, as stated in Matter of Roberts (147 Misc. 63), it seems most doubtful that this fact alone would be sufficient to justify the imposition of costs against an unsuccessful contestant.
In the case at bar the testatrix by her will dated April 22,1958, disinherited one of her four children, a daughter. The daughter filed objections to probate raising an issue as to due execution and alleging fraud and undue influence, and in addition thereto challenged the jurisdiction of the court alleging that the decedent at the time of her death in November, 1961, was domiciled in the State of Florida rather than in the State of New York. Notwithstanding that the court would be empowered as a matter of discretion to maintain an independent proceeding for the probate of the will of a nonresident leaving personal property within the County of Westchester, the court tried as a preliminary issue the question of domicile.
Following a four-day hearing on the issue of domicile the court determined that the decedent was a resident of New York rather than Florida at the time of her death (see Matter of Shapiro, 36 Misc 2d 271, decided July 12, 1962). The objectant appealed from such order and the order unanimously was *197 affirmed in January, 1963, with costs to abide the event of the trial of the remaining objections to probate (see 18 A D 2d 837). In April of 1963, the objectant moved to vacate the decree and for a new trial upon the ground of newly discovered evidence and this motion was denied.
During May of 1963, the issue of fraud and undue influence was tried by the court with a jury, the objection to due execution having been withdrawn when the proceeding was reached for trial. After a three-day trial the court determined that there was no issue of fact to be submitted to the jury and directed a verdict in favor of proponent upon both of the framed issues. No appeal was taken by the unsuccessful objectant. The evidence at the trial clearly indicated that the will was a perfectly natural will; that there existed great hostility between the testatrix and the daughter whom she disinherited, as well as the daughter’s husband, occasioned in part by reason of a compulsory proceeding instituted by said daughter in December, 1957, followed by objections that she interposed to the account of her mother as a coexecutrix of the estate of her father. The objections were filed on March 31, 1958, three weeks prior to the date of the will.
In its decision directing a verdict in favor of proponent and dismissing the objections (Matter of Shapiro, N. Y. L. J., June 4, 1963, p. 19, col. 1) the court referred to the friction caused by a series of transactions commencing in 1956 involving the purchase by testatrix from the husband of objectant for $120,000 of stock in a family corporation. Objectant’s husband challenged the sale asserting incorrect or false representations by the purchaser as to the value of the stock. In the accounting proceeding by her mother as coexecutrix, the objectant herein persisted in attempting to examine her mother as an accounting party despite a doctor’s sworn statement that such an examination would endanger the life of her mother by reason of the heart ailment from which her mother was suffering.
The court finds that the objections filed herein were interposed in bad faith. An examination of the will made it perfectly clear that the testatrix intended to disinherit such daughter and contains an express provision to that effect. In the light of the hostility which existed between the testatrix and said daughter the objectant could not reasonably expect that her mother would or should make any provision for her, especially in view of the litigation which followed the compulsory accounting proceeding initiated by her against her mother as coexecutrix of the will of her father. The objections interposed by the daughter to the probate of her mother’s will reflect a projection of the hostility *198 and animosity which had existed between said daughter and her mother.
There was here no evidence to support the allegations of fraud and undue influence. Neither the evidence adduced at the trial nor the affidavit of counsel submitted in opposition to this application negatives bad faith on the part of objectant. On the contrary the evidence adduced at the trial and the affidavits read in support of the present application establish bad faith on the part of objectant, in efforts to impede, delay and ultimately to defeat probate. There was no reasonable ground for the contest and no independent evidence to support a contest.
Proponent will be aAvarded costs in the amount requested, less $158 for the transcript of the minutes of the May, 1963 trial, which shall be charged personally against the objectant.