Lotus D. Laurino, S.
In this proceeding to probate an alleged will and the codicil thereto, two motions and a cross motion have been submitted to the court for determination.
The proported will is dated October 28, 1970 and by its provisions, approximately nine tenths of the estate is left to certain named charities and one tenth to the proponent. Under this instrument Underwriters Bank and Trust Company (designated under will as Underwriters Trust Company) is named as executor. The purported codicil is dated November 20, 1970. It revokes the nomination of the bank as executor and nominates instead the proponent, Sadie H. Cross, a sister of the decedent.
Two distributees of the decedent have filed objections to the probate of both the will and codicil and now move for leave to examine the witnesses to both instruments, the proponent, Underwriters Bank and Trust Company and the attorney-draftsman of the instruments. Special circumstances exist here which mandate the need for full and complete disclosure so as to clarify all the issues. The motion is therefore granted in all respects. The examination of the nonattesting witnesses will be held after the completion of the examination of the proponent and attesting witnesses.
The second motion is made by Underwriters Bank and Trust Company for permission to examine the proponent, the witnesses to the codicil and the attorney-draftsman, and for leave to file objections to the codicil within 30 days after completion of the examination. The proponent cross-moves for a protective order seeking denial of the bank’s application on the grounds that the bank is precluded, under SOPA 1410' from filing objections.
• The pertinent part of SCPA 1410, as amended by chapter 362 of the Laws of 1971 provides: “ Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to. probate may file objections to the probate of the will or any portion thereof except that one whose only financial interest would be in the commissions to which he would have been entitled if his appointment as fiduciary were not revoked by a later instrument shall not be entitled to *594 file objections to the probate of such instrument unless authorized by the court for good cause shown.”
Accordingly, in order for a court to grant permission to one whose sole interest is as a fiduciary in a prior will to file objections, a showing of good cause must be made. While “good cause” has not yet been defined by the courts, it would appear that allegations of fraud, undue influence or. lack of testamentary bapacity supported by facts which indicate that such a situation actually exists would be sufficient cause for the granting of permission to file objections. Bare conclusory statements cannot be relied upon. (10B Cox-Arenson-Medina, N~Y. Civ. Prae., par. 1410.04,,subd. [b].)
A named executor has the duty to protect the instrument which nominates him by seeing that no alleged fraudulent will is admitted to probate without objections, thus frustrating the intention of the deceased as expressed im a proper will and codicil. (Matter of Browning, 162 Misc. 244, 246, affd. 250 App. Div. 712, affd. 274 N. Y. 508.)
At the present time, Underwriters Bank and Trust Company has not alleged such facts as would support their application for permission to file objections. However, they should be given an opportunity to examine the proponent, the attorney-draftsman and the witnesses to the codicil so that a determination may be made as to whether there is, in fact, any basis for filing objections. Accordingly, the motion by the bank is granted to the extent of directing that they be permitted to participate in the examinations of the witnesses to the codicil, the proponent and the attorney-draftsman as previously directed. The motion for leave to file objections is denied at this time without prejudice to an application for the same relief being made within two weeks after completion of the above examinations. In all other respects, the motion and cross motion are denied.
In the absence of agreement, the time and place of all the examinations directed shall be fixed by the court in the order to be entered hereon.