Millard L. Midohick, S.
In these pending probate proceedings the nominated fiduciary under a prior will seeks permission to file objections to probate and for other related relief. In opposition it is contended that the applicant has no standing by reason of the fact that his duty to protect those interested in the prior will has been terminated by the appearance of other attorneys for the beneficiaries under that will. SCPA 1410 declares that one whose only financial interest in the estate would be for the commissions he might have earned if his appointment had not been revoked shall not be entitled to contest the revoking instrument unless the court for good cause shall authorize him to file objections. “ While good cause ’ has not yet been defined by the courts, it would appear that allegations of fraud, undue influence or lack of testamentary capacity supported by facts which indicate that such a situation actually exists would be sufficient cause for the granting of permission to file objections. Bare conclusory statements cannot be relied upon.” (Matter of Lerner, 72 Misc 2d 592, 594.)
Upon the facts and circumstances presented, the court concludes that a showing of good cause has been made. The beneficiaries under the prior will have filed objections to probate. *127 The moving party was for many years the decedent’s attorney and friend, and he thus is in a position which may enable him to assist the court in its statutory duty to “ inquire particularly into all the facts and # * * be satisfied with the genuineness of the will and the validity of its execution ” (SOPA 1408, subd. 1). The facts which are here disclosed call for diligent inquiry. The past professional and personal relationship between the moving party and the decedent will provide a basis for the more effective cross-examination of witnesses, as well as the production of relevant evidence.
The motion is granted on condition that, prior to the settlement date of the order on this motion, the movant shall serve upon the parties appearing on this motion and shall file in this court an acknowledged consent, with proof of service, agreeing that he will not be a necessary party to any agreement or proceeding to compromise the probate proceeding, and also that he will not appeal, as the sole appellant, from any order or decree made in these probate proceedings, without leave of a Judge of this court or of a Justice of the Appellate Division of this Department.
As to the possible compromise of the proceedings, this precautionary measure requiring the movant’s consent may not be necessary in view of the fact that the movant, as a potential fiduciary, would not be a necessary party to a compromise proceeding instituted under SOPA 2106, which would involve, as here, infants or other persons under a disability (SOPA 2106, subd. 1, par. [b]), nor would he be a necessary party if none of the persons interested in the estate was not under disability (Matter of Cherkoff, 9 A D 2d 557; Matter of Rainey, 22 A D 2d 852; 255 N. Y. S. 2d 459). The imposition of the condition as to the movant’s consent is prompted, to some extent, by the possibility that at some future time in these proceedings reliance might be placed upon the Supplementary Practice Commentary to SOPA 1410 which appears in Book 58A of McKinney’s Consolidated Laws of New York and refers to the thwarting of a family settlement of a probate contest by a superseded fiduciary (see N. Y. Legis. Annual, 1971, p. 9, Sen. Bill 3510; Assembly Bill 5379).
If the proceedings shall proceed to trial, the court is of the opinion that the right of appeal should be limited to those parties having financial interests in the estate.
The consent will be required at this time to avoid any later dispute as to the status of the movant upon the disposition of these proceedings either by settlement or by trial.
*128 The movant’s good faith in this particular case is not questioned by the court; the conditions here imposed are set forth in order to carry out the legislative purpose to avoid unnecessary prolongation of will-contest litigation even when there is good cause to permit a superseded fiduciary to participate; and by articulating1 these conditions a pattern may develop in all counties of this State to hold all such “ good cause ” fiduciaries as a matter of course to a limited function of pursuing justice without conflicting’ distractions of self-interest, since they are not real parties in interest.