Millard L. Midoxick, S.
In this pending probate proceeding the nominated fiduciary under a prior will seeks permission to file objections to probate of a later instrument.
SOPA 1410 provides that: “ one whose only financial interest [in the estate] would be in the commissions to which he would have been entitled if his appointment as fiduciary were not revoked by a later instrument shall not be entitled to file objections to the probate of such instrument unless authorized by the court for good cause shown.”
It does not appear that .“ good cause ” has as yet been defined by the courts, but it does appear that allegations of fraud, undue influence or lack of testamentary capacity supported by facts which indicate that such a situation actually exists would be sufficient cause for the granting of permission to file objection. “ Bare conclusory statements cannot be relied upon ”. (Matter of Lerner, 72 Misc 2d 592, 594; Matter of Molnar, 76 Misc 2d 126.)
The proposed objections by movant, who is decedent’s stepfather, are that the will was procured by undue influence, that testatrix was not of sound mind, that she intended to destroy the will by tearing it and that testatrix was caused to make *596 changes of beneficiaries of life insurance policies as a result of fraud and undue influence. The proposed objections concerning the insurance policies are not proper to this probate proceeding. The proposed objection as to the destruction of the will is also without merit. While there is a slight tear in the will near the witnesses’ signatures, these signatures were not torn off or mutilated in any way. There is no allegation of any facts as to when the tearing was done or to establish that decedent did the tearing with intent to revoke the will. The tearing, even if assumed to be material, could have well occurred after the death of the testatrix since others had access to the will. (Cf. Matter of Mack, 39 Misc 2d 889, affd. 21 A D 2d 205.) The movant has likewise failed to show any facts concerning the remaining objections. The fact that decedent may have attempted suicide does not give rise to an inference of insanity or unsound mind. (Roche v. Nason, 185 N. Y. 128; Matter of Anderson, 3 Misc 2d 869.) Nor does such an inference arise simply from the fact that she may have sought psychiatric treatment, no reason having been given as the basis for such treatment.
It is noted that the two writings herein are substantially the same, except for the nomination of the executor and that no one else has filed objections to probate. The main reason expressed by movant to support his request to file objections concerns his contention that the trust provisions for the benefit of decedent’s children will be ineffective because of the improper change of beneficiaries of the insurance policies. The allegation is that the policies originally named the decedent’s children as beneficiaries but that due to undue influence and fraud, she changed this designation and named her husband as beneficiary. Neither the proposed will nor the prior instrument makes any mention of1 these policies. Aside from the fact that this question is not relevant to a probate proceeding, it appears that the insurance proceeds would pass outside the estate in any event and furthermore that movant who has not been appointed the guardian of the infant’s property has no standing to raise this question. The only possible reason to allow movant to file objections therefore would concern his appointment as executor of the estate and his right to commissions.
The motion is denied.