■ In the Matter of the Estate of SUSAN H. MELCHER, Deceased. SUSAN H. OSBORNE et al., Appellants; UNITED STATES TRUST COMPANY et al., Respondents.—Decree of the Surrogate's Court, New York County, entered May 6, 1976, unanimously affirmed, without costs and without disbursements. Essentially, this appeal represents an attack upon a stipulation of settlement of a proceeding involving the question of the testator's competence at the time that her will was made. Each side was possibly vulnerable to a certain extent and a jury had been sworn to try the issues tendered. The stipulation was advantageous to all concerned. The Surrogate was correct in holding that the fiduciary named in an earlier will, and superseded in the later one, had standing to object (SCPA, § 1410). Implicit in the decree is an interpretation by the Surrogate of a clause in the stipulation in respect of the fixation of allowances for services rendered; obviously it was read to mean that he was to fix the fees. We can find no fault either with that interpretation or the allowances set thereunder. And, by the same token, those parties and counsel who have argued for that interpretation are bound by it to the extent that no separate consideration can be given to the cross appeal which seeks an increase of their allowances. We sustain the stipulation and therefore affirm *in toto*. Concur—Markewich, J. P., Kupferman, Silverman, Capozzoli and Lane, JJ.

■ LANCE INTERNATIONAL INC., Appellant, v AETNA CASUALTY AND SURETY COMPANY et al., Respondents.—Order, Supreme Court, New York County, entered March 18, 1976, granting defendants' motion for summary judgment, and judgment thereon entered May 14, 1976, are unanimously affirmed. Respondents shall recover of appellant one bill of $60 costs and disbursements of these appeals. In this suit, by insured seller on an export credit insurance policy, plaintiff contends that the loss occurred: (a) because First National City Bank, its agent for collection, failed to transmit to plaintiff funds made available to said agent for payment of the drafts for the goods sold; and (b) perhaps because the bank, in violation of its instructions, released the goods and documents of title to the buyer without receiving the appropriate acceptance of the drafts which accompanied the documents of title. In either case the loss is excluded from the policy protection as a "loss due to the fault of the insured or its agent." Indeed, in the former case, the loss is not even one arising out of "failure of the buyer to pay to the insured" which is the risk insured against. Concur—Markewich, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.