Millard L. Midonick, S.
In this probate proceeding the court is presented with a motion to dismiss objections filed against a will and a cross motion for permission to file objections under SCPA 1410.
Offered for probate is a will dated August 9, 1972 and a later will dated May 12, 1976. The original objectants to probate of the later will are one Sylvia Wender, a niece of the decedent, and Irving Smiley, a nephew, two of the many residuary legatees named in the prior instrument.
Pursuant to SCPA 1410: "Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will or of any portion thereof’.
A "person interested” includes every person entitled either absolutely or contingently to share as a beneficiary in the estate. Moreover, it has been held that what is required is a financial interest to be protected. (Matter of Bahrenburg, 200 Misc 959.) As a general rule, a person not a distributee of the decedent and not interested in or receiving a larger amount under another will of the decedent cannot object. This proposition generally excludes persons who will receive less or nothing at all if the will is denied probate. (2A Warren’s Heaton Surrogates’ Courts, § 182, subd 1, par [e].) This case is somewhat different and the general rule is not applicable.
It appears that the objectants, Wender and Smiley, are opposed to the admission of the later will. A comparison of the two wills indicates that in almost all respects as to these objectants, the dispositions are identical. The second will deletes a $10,000 bequest to Cancer Care, Inc., and substitutes different executors. Cancer Care, Inc., has appeared by attorney and has filed objections.
Objectants, Wender and Smiley, allege that one of the named executors in the later will, who is also a distributee and beneficiary under both wills, has taken to himself substantial cash assets belonging to the estate.
The court cannot determine, at this time, if in fact there has been any unauthorized taking of funds. This issue properly may be the subject of a discovery proceeding or an accounting proceeding where all interested parties are before the court and have an opportunity to litigate that issue.
The cross motion made by the nominated executors of the first will may be technically defective since they were not *127 parties to the original motion (see 2A Weinstein-Korn-Miller, NY Civ Prac, par 2215.01). The court will, nevertheless, consider the substance in the papers now before it, and overlook the defect in procedure.
An executor is not a person "interested in the estate” in the usual meaning of the phrase, since the potential right to commissions or the possibility of administration does not create such an interest. (Matter of Behan, 159 Misc 337.) “However, the person or persons chosen by the testator as executor or executors have the duty of supporting the will which names them and may object to any other testamentary documents deemed invalid”. (2A Warren’s Heaton, Surrogates’ Courts, § 182, subd 1, par [a].) This doctrine has been limited by SCPA 1410 effective September 1, 1971, wherein good cause must be shown before a Surrogate will permit an executor under a prior testamentary instrument to oppose a later one merely because commissions will be lost to the objectant-executor.
In view of the allegations that assets of the decedent were misappropriated during the last days of his lifetime, those whose share of the residuary estate might be increased should be afforded an opportunity at least to join in contesting the qualifications of the named fiduciary.
As stated above, proceedings to marshall the assets of the decedent are more properly the subject of a discovery or accounting proceeding. In a will contest the financial transactions between the proponent and decedent may be the subject of inquiry in respect of the issue of undue influence. It may be that if, in fact, there was any conversion on the part of the named fiduciary, by reason of dishonesty, he may be disqualified from receiving letters under provisions of SCPA 707 and an independent fiduciary should proceed with discovery pursuant to SCPA 2103.
In Matter of Basile (63 Misc 2d 845), the Surrogate of Suffolk County permitted a daughter of decedent to file objections to probate, even though her proportion was greater under the will than in intestacy.
In this case, the relationship between the executors first nominated and the decedent was of long duration. They may be able to aid the court in its inquiry as to the genuineness of the later will. It appears that the testator was in a weakened state at or about the time of his executing his second will. For these reasons, the court grants the cross motion to the extent *128 that these executors may file objections and proceed as any other contestants. (Cf. Matter of Molnar, 76 Misc 2d 126.)
The objections of Cancer Care, Inc., and the ruling of this court permitting the executors named in the prior will to join in the contest assure that before the later will is admitted, the circumstances surrounding its execution and the decedent’s competency and freedom from restraint will be the subject of intensive inquiry.
The motion to dismiss objections of Wender and Smiley is denied. Cross motion for leave to file objections by the fiduciaries named in the prior will is granted. The order to be submitted herein on notice may provide for the examination of witnesses pursuant to SCPA 1404.