OPINION OF THE COURT
C. Raymond Radican, J.
In this contested probate proceeding the attorneys for the executor, on submission of a final decree for probate, seek an allowance in the amount of $20,000 for attorneys’ fees, to be charged personally against Werner Galleski pursuant to SCPA 2302 (subd 3, par [a]). Mr. Galleski likewise seeks an allowance in the amount of $20,000 for expenses incurred in the contest.
This proceeding involved the probate of an instrument dated June 2, 1977 and a codicil dated August 11, 1977, both of which were offered for probate by Gerhardt Behrendt, the decedent’s stepson. The earlier instrument names Mr. Galleski as executor and trustee. The second instrument names Mr. Behrendt as executor and trustee, and five alternate executors, including Mr. Galleski.
It is undisputed that Mr. Galleski was the attorney draftsman of both instruments as well as a witness to the *839 instruments along with his wife, Ruth Galleski. All of the competent beneficiaries consent to probate of the will and codicil and the guardian ad litem for one of the decedent’s daughters has filed a report stating that he can find no basis for objecting to the validity of the instruments.
Mr. Galleski is not a beneficiary of the decedent’s estate under either of the instruments, nor is he a distributee. His standing, if any, to object to probate of the codicil would be on the basis of his nomination as executor in the earlier instrument.
Initially, Mr. Galleski moved for an order granting him permission to file objections to that part of the codicil which substitutes Mr. Behrendt as executor. Mr. Galleski alleged that Mr. Behrendt had breached an agreement with the decedent to retain Mr. Galleski as the attorney for the estate. He further alleged that it was the decedent’s intention that Mr. Behrendt should be the executor only if Mr. Galleski were retained and that the failure to employ him as counsel constituted a constructive fraud upon the decedent, rendering the will invalid. By decision dated May 6, 1981, this court determined that Mr. Galleski had failed to establish good cause pursuant to SCPA 1410 to entitle him to file objections to probate, and the objections were dismissed.
Mr. Galleski then attempted to file objections to the codicil in his capacity as alternate executor in the codicil. By decision dated September 18, 1981 it was determined that Mr. Galleski had no status, as alternate executor, to challenge the validity of a part of the codicil.
Thereafter, Mr. Galleski moved for an order granting renewal and reargument of the May 6, 1981 decision. The motion for renewal was denied. The motion for reargument was granted and upon reargument the court adhered to its original decision.
In connection with his present application for costs, Mr. Galleski contends that since his challenge to that part of the codicil pertaining to the appointment of a fiduciary was consistent with his duty to offer the earlier instrument for probate, he is entitled to an allowance in the amount of $20,000.
*840 Section 2302 (subd 3, par [a]) of the SCPA provides that: “Costs payable out of the estate or otherwise may be awarded * * * (2) to an unsuccessful proponent named as executor in the will when propounded * * * in good faith as the last will of the decedent.”
This provision has been interpreted as providing for the allowance of costs to an executor who offers one instrument for probate, and becomes a contestant to a later instrument, the validity of which is sustained. Under these circumstances the nominated executor is entitled to reimbursement for expenses even though he is not the proponent of the instrument which is the subject of the contest (Matter of Reimers, 261 NY 337; Matter of Keating, 55 Misc 2d 948).
In the present case Mr. Galleski is a contestant in the proceeding to probate the codicil, but he was not a proponent of the earlier instrument, the June instrument having been offered for probate by Mr. Behrendt. He thus does not fall under the provision authorizing costs to an unsuccessful proponent. Mr. Galleski was not the proponent of any instrument (see Matter of Donner, 184 Misc 265).
Moreover, had Mr. Galleski offered the earlier instrument for probate, he would still be denied costs for having failed to satisfy the “good faith” requirement of the statute. Mr. Galleski rendered no services which were beneficial to the estate. Instead, he sought to prevent probate of the codicil to further his own interests in becoming an executor of the estate and a trustee or becoming the attorney for the estate. Mr. Galleski is not entitled to reimbursement for any costs or allowances, including attorneys’ fees.
Turning now to the application of the attorneys for Gerhardt Behrendt, they seek an allowance for attorneys’ fees in the amount of $20,000 to be charged personally against Mr. Galleski.
Generally, expenses incurred by an executor in a probate contest are paid from the assets of the estate. However, where a contestant in a probate proceeding is unsuccessful and the court finds that there is no substantial basis for his attack on the validity of the instrument, the contestant may be required to furnish some or all of the expenses *841 incurred by the contest (Matter of Shapiro, 41 Misc 2d 195; Matter of Kurowski, 5 Misc 2d 195; Matter of Rogers, 127 Misc 428; SCPA 2302, subd 3, par [a]). However, the costs and allowances pursuant to SCPA 2302 that may be awarded are limited by the statutory provisions set forth in SCPA 2302 (subd 2) (10E Cox-Arenson-Medina, NY Civ Prac, par 2302.03). There has been legislation proposed to enhance the extent of allowances to be charged against unsuccessful parties, but such legislation has yet to be enacted-
In the present case, the court determined in its decision dated May 6, 1981 that Mr. Galleski’s allegations were without sufficient basis to permit him to file objections to the codicil. Mr. Galleski nevertheless persisted in his attempts to block its probate despite the fact that he was not only the attorney draftsman, but a witness to the codicil. His attempt to resist probate for the purpose of accomplishing his own appointment as executor of the estate resulted in unnecessary delay and expense in the administration of this estate.
Accordingly, the court finds that the executor is entitled to costs and allowances in the amount of $150 pursuant to SCPA 2302 (subd 2, par [b]) to be charged personally against Mr. Galleski.