# In the Matter of the Estate of ROYAL S. MARKS, Deceased.

Surrogate's Court, New York County, February 24, 1989

## APPEARANCES OF COUNSEL

*Baer Marks & Upham* for Sybil Resnik. *Richard E. Bauman* for Duane Wilder and another. *Stroock & Stroock & Lavan* for Morton E. Swetlitz and another. *Blass & Driggs* for Frank Degen and others.

## OPINION OF THE COURT

RENEE R. ROTH, S.

The novel issue raised in this probate proceeding is whether a person nominated to serve as trustee of a charitable foundation in an earlier will of the testator has standing under SCPA 1410 to object to probate of a later will because it nominates someone else in his place.

The court is also asked by the executor nominated in that

earlier will to permit him to file objections to the later will for the same reason, viz., that someone else is nominated in his place.

The basic difference between the two wills is in the identity of the persons nominated as executors and as trustees of the foundation. Thus, Duane Wilder and Frank Degen nominated as executors in the earlier will dated October 28, 1986 are replaced by Morton E. Swetlitz and Lois Flood in the propounded instrument dated November 4, 1987. With respect to the trustees of the foundation, Daniel Bailey, Duane Wilder and Sybil Resnik, 3 of the 5 nominees in the earlier will, are replaced by Morton E. Swetlitz and Lois Flood in the later will.

Under both wills, testator, Royal S. Marks, after a few preresiduary bequests to friends, disposed of his estate (in excess of $7 million) to the Royal Marks Foundation to be established by his executors for the exclusive purpose of promoting relief from the Acquired Immune Deficiency Syndrome (AIDS). Decedent's sister, as his sole distributee, filed objections to probate, as did some legatees under the earlier will who are adversely affected by the propounded will.

It is noted that Morton E. Swetlitz and Lois Flood, nominated to be executors under the propounded instrument, are, respectively, the draftsman of the will and testator's nurse.

SCPA 1410, in relevant part, provides: "Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will or of any portion thereof except that one whose only financial interest would be in the commissions to which he would have been entitled if his appointment as fiduciary were not revoked by a later instrument shall not be entitled to file objections to the probate of such instrument unless authorized by the court for good cause shown." (The underscored portion of the statute was added by L 1971, ch 362, eff Sept. 1, 1971.)

Prior to 1971, a nominated fiduciary under an earlier will, although not a "person interested in the estate" in the usual meaning of the phrase (SCPA 103 [39]), had standing to object to probate of a later will because of his duty to support the testator's wishes *(Matter of Davis,* 182 NY 468; *Matter of Browning,* 162 Misc 244, 246, *affd* 250 App Div 712, *affd* 274

NY 508). Such a nominated fiduciary could object to the entire will or merely to the clause which replaced him or her. However, in 1971, the Legislature added the underscored language to SCPA 1410 limiting the right of such fiduciary to file objections. Such fiduciary must now first obtain permission from the court upon a showing of "good cause".

The purpose of this amendment was explained in a legislative note (see, 1971 NY Legis Ann, at 9) as follows: "An executor named in an earlier will which has been revoked by a later one, or an executor named in a will whose appointment has been revoked by codicil, has been held to have an interest in the estate sufficient to permit him to file objections to the revoking instrument. Sometimes his contest is motivated simply by a desire for his commissions and he is thus able to put the estate to the expense of a contest, or to thwart an amicable adjustment of issues by the family. The proposed amendment would prevent any such person from contesting a will or codicil unless the court, for good cause shown, would permit him to file objections."

Pursuant to SCPA 1410, Duane Wilder, nominated executor and foundation trustee replaced by the later will, and Sybil Resnik, also replaced as foundation trustee by the later will, now seek permission of the court to file objections. Neither seeks to object to the provision creating the foundation. The proponents of the later will oppose the application.

Proponents contend that removed executor Duane Wilder should not be permitted to object to probate for failure to show good cause. They also contend that removed trustee Sybil Resnik "is not a person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate" as provided by SCPA 1410.

The standing of Sybil Resnik will be considered first. It is noted that under Surrogate's Court Act § 147 (the predecessor of SCPA 1410) the term interested person specifically included an individual named as executor, trustee or guardian. Although the present statute makes no mention of such fiduciaries, they must be served with citation (SCPA 1403) and have standing to object to probate upon receiving court permission (SCPA 1410; Matter of Browning, supra; Goldman, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 1410, at 317-318). As discussed, their interest does not arise because of their right to compensation but because of their obligation to protect testator's intention as expressed in a

valid will *(Matter of Browning, supra).* Thus, the issue before the court is whether an individual named in a will as trustee of a foundation created by testator has the same fiduciary responsibilities as an executor, a testamentary trustee or a guardian. If so, such nominee would have standing to seek court permission to object to the admission to probate of a later will which replaces him or her.

It is clear that all fiduciaries named by a testator are duty bound to prevent the frustration of his wishes as well as to effectuate to the best of their ability his expressed intentions. In the instant case, both wills establish that Mr. Mark's paramount interest was his foundation. Neither will made any provision for his sister and only minor provisions for his friends. The responsibility of testator's executor terminates when his estate is distributed. On the other hand, the duties of a trustee of testator's foundation, like a trustee of a charitable trust, may last a lifetime. Both such trustees have very similar interests, viz., the duty to protect and effectuate testator's intent as well as the right to compensation (10B Cox-Arenson-Medina, NY Civ Prac ¶ 1410.02 [d] [1]; 2A Warren's Heaton, Surrogates' Courts § 182 [1] [a]; *Matter of Davis,* 182 NY 468, *supra; Matter of Browning,* 162 Misc 244, *supra).*

The stated purpose of the foundation, namely, to make contributions "toward medical research, education, care of patients and any other activity relating to AIDS", requires the exercise of skill and judgment. The trustees' discretionary powers include not only the designation of the beneficiaries of principal as well as of income but also the appointment of successor trustees and the termination of the foundation's activities. Testator is entitled to have the foundation administered by trustees in whom he had confidence *(Matter of Leland,* 219 NY 387).

Accordingly, it is concluded that a trustee of a testator's foundation and testator's executor and testamentary trustee are alike in that all have the duty to effectuate testator's intent. As so construed, Sybil Resnik and Duane Wilder, as trustees of the foundation, are fiduciaries within the meaning contemplated by SCPA 1410.

We turn therefore to consideration of whether movants have shown "good cause" to permit them to file objections. It would appear that allegations of fraud, undue influence or lack of testamentary capacity, which are not bare conclusory allegations but are supported by some evidence, constitute

good cause *(Matter of Hatzistefanou,* 77 Misc 2d 594; *Matter of Molnar,* 76 Misc 2d 126; *Matter of Lerner,* 72 Misc 2d 592). A relationship of long standing between the replaced fiduciary and the testator may be an important element in a showing of "good cause" *(Matter of Silverman,* 91 Misc 2d 125; *Matter of Linderman,* NYLJ, Feb. 8, 1982, at 7, col 3; *Matter of Fields,* NYLJ, Feb. 23, 1978, at 11, col 1). Another consideration is that the previously nominated fiduciary may be of assistance to the court in carrying out its statutory function under SCPA 1408 to satisfy itself of the genuineness of the will *(Matter of Melcher,* 54 AD2d 830; *Matter of Silverman, supra; Matter of Molnar, supra; Matter of Lerner, supra; cf., Matter of Lachman,* 100 Misc 2d 21).

Here, special circumstances exist which require the fullest inquiry. The propounded will was executed in the hospital six days before testator's death while he was in a weakened condition. Furthermore, the substituted fiduciaries are the will draftsman and testator's nurse *(see, Matter of Weinstock,* 40 NY2d 1; *Matter of Putnam,* 257 NY 140; *Matter of Satterlee,* 281 App Div 251).

For all of the foregoing reasons, the motion of Duane Wilder and Sybil Resnik for permission to file objections to the propounded will of Royal S. Marks is granted.