OPINION OF THE COURT
C. Raymond Radican, J.
This is a motion in a pending probate proceeding by a *90 named executor in a prior will for leave to file objections pursuant to SCPA 1410. A legatee under the prior will who is adversely affected by the later instrument has also filed objections. There is no opposition to the motion.
SCPA 1410 provides that any person adversely affected by the admission of a will to probate may file objections except that one whose only financial interest would be in commissions shall not be entitled to file objections unless authorized by the court for good cause shown. The affidavit in support of the motion alleges that the decedent’s hospital records reveal that on February 5, 1993, the date the instrument offered for probate was executed, decedent’s attending physician placed in her records a statement that with a reasonable degree of medical certainty she lacked the ability to understand the nature and consequences of a "Do Not Resuscitate” order.
Where the allegations of fraud, undue influence or testamentary capacity are not bare conclusory allegations but are supported by some evidence, the cases indicate that sufficient cause is thereby established (Matter of Marks, 142 Misc 2d 733, and cases cited). Accordingly, leave is granted to Michael Balsamo, the executor named in the prior will dated March 26, 1990, to file objections on the conditions hereinafter imposed. In a similar case (Matter of Bender, NYLC, Oct. 2, 1989, at 27, col 5), the court dismissed objections of a corporate fiduciary appointed in a prior will on the ground that since a legatee in the prior instrument had already filed objections, the only interest the bank could have was in its commissions which was not held to be good cause under SCPA 1410. This court is of the opinion, however, that the mere fact that objections are filed by a legatee in a prior instrument should have no direct bearing on whether or not leave should be granted to a named executor in the prior instrument to file objections. The only criteria required by the statute is the demonstration of good cause. Moreover, a scenario can be envisioned where an objectant legatee under a prior will withdraws his objections leaving the will unopposed, even though the named executor could show good cause. As has been observed, it is the duty of a named executor to protect testator’s intentions as expressed in a valid will (Matter of Marks, supra).
The authority to file objections, however, will be conditioned upon Mr. Balsamo filing an acknowledged consent with proof of service that he will not be a necessary party to any agreement or proceeding to compromise the probate proceed *91 ing and will also not appeal as the sole appellant from any order or decree made in these probate proceedings without leave of this court or a Justice of the Appellate Division of this Department (Matter of Molnar, 76 Misc 2d 126).