OPINION OF THE COURT
Renee R. Roth, S.
The proponent of the will of Esther Peckolick seeks a protec *598 tive order with respect to a notice to examine under SCPA 1404.
The issue is whether an executor named in a prior will has an unconditional right to conduct such examinations with respect to the propounded will under which his appointment was revoked.
Briefly stated, the relevant facts follow.
Mrs. Peckolick died on July 9, 1995, survived by her daughter, Alexsandra Florsheim, as sole distributee. She was also survived by her granddaughter, Roma Chrustinsky (the child of Alexsandra). Under the propounded will, dated October 3, 1994, Mrs. Peckolick directed that her entire estate, valued at approximately $250,000, be poured over into a living trust created on the same date. Pursuant to the terms of such trust (which was in effect at her death), the trust property, after payment of $30,000 to a named beneficiary, is to be distributed 40% to her daughter, Alexsandra, and 60% to her granddaughter, Roma.
The will was offered for probate by the granddaughter, the named executrix, who is also the trustee of the living trust. It is noted that in an earlier will, dated July 30, 1984, Mrs. Peckolick had left one half of her estate to her husband (the named executor) and the other half equally to her daughter and granddaughter. On March 19, 1991, after her husband’s death, Mrs. Peckolick executed a codicil in which she divided her estate equally between her daughter and granddaughter and named the attorney-draftsman as executor.
Such attorney, duly made a party to the probate proceeding as executor named in a prior instrument filed with the court (SCPA 1403 [1] [d]), served a notice to examine the draftsman, the attesting witnesses and the proponent of the propounded will. The proponent, however, requests a protective order. At issue is whether and to what extent respondent is entitled to conduct examinations under SCPA 1404.
Subdivision (4) of SCPA 1404, as amended (L 1992, ch 127, § 1; L 1993, ch 514, § 32) provides, in relevant part, that: "Any party to the proceeding, before or after filing objections to the probate of the will, may examine any or all of the attesting witnesses, the person who prepared the will * * * as to all relevant matters which may be the basis of objections to the probate of the propounded instrument.”
Clearly, not every person, who is a necessary party in the probate proceeding pursuant to SCPA 1403 (1), is entitled to *599 such examination but only a potential objectant to the probate of the propounded will (see, 10B Cox-Arenson-Medina, NY Civ Prac ¶ 1404.08).
As a general rule, the right of potential objectants, such as adversely affected distributees or legatees, to examine under SCPA 1404, is unconditional, without any preliminary showing of the need for the examination (see, e.g., Matter of Baker, 160 Misc 862, 863-864).
However, where, as here, the potential objectant is a fiduciary in a prior will, whose appointment was changed in the propounded instrument, SCPA 1410 as amended in 1971 (L 1971, ch 362), limits such fiduciary’s right to contest the instrument revoking his appointment. The replaced fiduciary was denied the right to file objections without court authorization upon good cause shown because the Legislature wanted to discourage unwarranted harassment and unnecessary expense, as well as unfair interference in amicable settlements among testator’s distributees and legatees (see, 1971 NY Legis Ann, at 9). Complying with this purpose, various courts have held that, where lost commissions appear to be the sole financial interest in the estate adversely affecting a fiduciary named in a prior will, such fiduciary is not entitled to contest the propounded will. The court, accordingly, before authorizing the displaced fiduciary to file objections must be satisfied that the loss of commissions has no bearing on the will contest and that the filing of objections is prompted solely by his or her obligation to see that the testator’s wishes are not frustrated by the propounded instrument (see, Matter of Marks, 142 Misc 2d 733, 735; Matter of Behrendt, 111 Misc 2d 838; Matter of Silverman, 91 Misc 2d 125; Matter of Galasso, 89 Misc 2d 286; Matter of Hatzistefanou, 77 Misc 2d 594; see also [as to pre-1971 case law], Matter of Browning, 162 Misc 244, 246-247, affd 250 App Div 712, affd 274 NY 508).
But SCPA 1404 examinations raise a different question, namely, whether the good cause requirement, which is a prerequisite for authorization to file objections, is also applicable to such SCPA 1404 discovery.
Some courts have permitted SCPA 1404 examinations by a fiduciary named in a prior will only where other objectants had requested such examinations (see, Matter of Silverman, supra, at 127; Matter of Molnar, 76 Misc 2d 126; Matter of Lerner, 72 Misc 2d 592), while other courts have refused to allow them where there were neutral parties (e.g., the Attorney-General) who could, but did not, pursue such opportunity (see, Matter of Lachman, 100 Misc 2d 21, 28).
*600 There are, however, no disinterested parties or other object-ants here. Nonetheless, in such a case, the named executor who is the draftsman of an earlier will may have, because of his special relationship with the decedent, unique knowledge of facts to be brought before the court which has the ultimate responsibility to see that testator’s wishes are honored (see, Matter of Silverman, supra; Matter of Molnar, supra, at 127). But even in the absence of a neutral party there is no basis for allowing the replaced fiduciary to hold SCPA 1404 examinations, without good cause shown, where the natural objects of testator’s bounty and all parties interested under the propounded will consent to probate. To hold otherwise would simply amount to a license to fish for some cause in contravention of the clear legislative intent to discourage such former nominees from creating litigation for the sole purpose of obtaining a settlement. This applies particularly where the formerly named executor was the attorney-draftsman (see, Matter of Weinstock, 40 NY2d 1; Matter of Laflin, 111 AD2d 924; Matter of Harris, 123 Misc 2d 247). The court concludes that the legislative intent expressed in the 1971 amendment of SCPA 1410 must be applied in construing SCPA 1404 (4), insofar as the two statutes interrelate.
In the instant case, respondent has not shown sufficient cause to be entitled to SCPA 1404 examinations. His potential contest of the propounded will would serve no purpose other than recouping statutory commissions. The propounded will is consistent with the prior instruments as to estate planning and the identity of the beneficiaries, who are the natural objects of testatrix’ bounty. Testatrix’ daughter, though adversely affected, has not contested her own daughter’s preferential treatment. Finally, it is noted that the attorney-draftsman was nominated as executor in only one will, the penultimate instrument executed after the death of decedent’s husband, the named fiduciary in her prior will. The mere fact that Mrs. Peckolick withdrew the nomination of her attorney as executor is not in itself suspicious, where the new nominee is not a stranger or another attorney but her granddaughter.
Based on the foregoing, the motion for a protective order denying the right to SCPA 1404 examinations is granted and the matter shall proceed as uncontested.