■ In the Matter of the Estate of LYNNE K. CAREY, Also Known as LYNNE KATHRYN CAREY, Deceased. BETH CAREY, Respondent-Appellant; DANTE M. SCACCIA, Appellant-Respondent. [654 NYS2d 78] —Order modified in the exercise of

discretion and as modified affirmed with costs to petitioner and judgment ordered imposing sanction in accordance with the following Memorandum: In this proceeding, petitioner seeks probate of a will executed in 1986 and a codicil executed in 1995. In the 1986 will, decedent named her then attorney, Dante M. Scaccia, as executor of her estate. In the 1995 codicil, decedent named petitioner, her daughter, as executrix and expressed the desire that the executrix employ the law firm of Mackenzie Smith Lewis Michell & Hughes, L. L. P., as attorneys for the estate in place of the Scaccia Law Firm.

Dante M. Scaccia (objectant) moved for permission to file objections to probate of the codicil (see, SCPA 1410). Petitioner cross-moved for imposition of sanctions on objectant. The Surrogate denied the motion for permission to file objections and also denied the cross motion for sanctions. Objectant appeals and petitioner cross-appeals.

The Surrogate properly denied the motion for permission to file objections. SCPA 1410 provides that "one whose only financial interest would be in the commissions to which he would have been entitled if his appointment as fiduciary were not revoked by a later instrument shall not be entitled to file objections to the probate of such [later] instrument unless authorized by the court for good cause shown." In order to find good cause, the Surrogate "must be satisfied that the loss of commissions has no bearing on the will contest and that the filing of objections is prompted solely by [the fiduciary's] obligation to see that the testator's wishes are not frustrated by the propounded instrument" (*Matter of Peckolick*, 167 Misc 2d 597, 599). Here, the Surrogate properly concluded that objectant failed to show good cause but objected to probate of the codicil merely to further his own financial interest in serving as executor and attorney for the estate (see, *Matter of Lachman*, 100 Misc 2d 21, 27-28; *Matter of Galasso*, 89 Misc 2d 286, 287; *Matter of Hatzistefanou*, 77 Misc 2d 594, 595-596).

We modify the order, however, by granting petitioner's cross motion for assessment of sanctions against objectant. In our view, sanctions are warranted as a result of objectant's bad faith and the undue expense and unnecessary delay that objectant has caused in administration of the estate. In the exercise of our discretion, we impose a sanction of $1,000 against objectant as reimbursement for attorney's fees incurred by petitioner and order that judgment be entered accordingly (see, 22 NYCRR subpart 130-1; cf., *Matter of Behrendt*, 111 Misc 2d 838).

All concur, Wesley, J., not participating. (Appeals from Or-

der of Onondaga County Surrogate's Court, Wells, S.—Sanctions.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.