■ In the Matter of the Estate of AARON LERMAN, Deceased. RUSSELL C. FRIEDMAN, Appellant; JOHN LERMAN et al., Respondents. [656 NYS2d 936] —In a proceeding to probate the will of Aaron Lerman, Russell C. Friedman appeals from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated April 8, 1996, which, upon the denial of his motion pursuant to SCPA 1410 for leave to file objections to a will dated February 7, 1996, admitted the will to probate.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The appellant, Russell C. Friedman, was the executor named in the decedent's will dated February 2, 1996, a will which Friedman had drafted. Under a prior will executed in 1994, the decedent had named his daughter Linda Cocco as sole executrix. In any event, on February 7, 1996, the decedent executed another will which was substantially the same as the February 2, 1996, will in terms of estate planning and beneficiaries, but which removed Friedman as executor and named two of his children, John Lerman and Linda Cocco, as coexecutors. The decedent died ten days later on February 17, 1996. When the petitioners, who are the decedent's three children

(the decedent's wife had passed away many years earlier), offered the will dated February 7, 1996, for probate, Friedman sought leave under SCPA 1410 to file objections. The Surrogate denied his application, and, since there were no other objections to the will, admitted the will to probate. We now affirm.

SCPA 1410 provides in relevant part that "one whose only financial interest would be in the commissions to which he would have been entitled if his appointment as fiduciary were not revoked by a later instrument shall not be entitled to file objections to the probate of such instrument unless authorized by the court for good cause shown" (*Matter of Peckolick*, 167 Misc 2d 597, 599). In making a determination as to whether good cause has been established, the Surrogate should "be satisfied that the loss of commissions has no bearing on the will contest and that the filing of objections is prompted solely by [the Fiduciary's] obligation to see that the testator's wishes are not frustrated by the propounded instrument" (*Matter of Peckolick, supra,* at 599).

Here, the Surrogate properly concluded that Friedman had failed to show good cause and that he objected to the probate of the February 7, 1996, will simply to further his own financial interest as executor and attorney for the estate (*see, Matter of Carey,* 236 AD2d 781; *cf., Matter of Piano,* 158 Misc 2d 89; *Matter of Marks,* 142 Misc 2d 733; *Matter of Silverman,* 91 Misc 2d 125). Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.