OPINION OF THE COURT
Angelo D. Lomanto, S.
This matter comes before me on a motion for an order to re *459 scind the portion of the prior decision of this court dated August 7, 2000 and the prior decree of this court dated August 30, 2000 that granted standing to the objectant, Michael Brockbank. The motion was made by the Attorney General of the State of New York, as statutory representative of the charities named in a prior will of the decedent, and supported by the affidavit of Donald P. Segal, sworn to August 16, 2001. The attorney for the executor of the will offered for probate, Richard Cirincione, submitted an affidavit sworn to August 31, 2001, in support of the motion. Frederick W. Killeen, the attorney for objectant Michael Brockbank, submitted his own affidavit and that of Michael Brockbank in opposition to the motion; both affidavits were sworn to on August 31, 2001. In addition to opposition to the motion, Mr. Brockbank also made a cross motion to be appointed special administrator of the within estate. The court received on September 6, 2001, the affidavits of Donald Segal and Richard D. Cirincione, both replying to the answering affidavits submitted on behalf of Michael Brockbank and in opposition to his cross motion. Finally, the court received a letter dated September 6, 2001 from Brendan Baynes, the attorney for the Albany Academy for Girls, one of the legatees of a prior will, in support of the motion of the Attorney General.
The initial motion before me seeks to modify the prior decision and decree of the court insofar as it found that the objectant, Michael Brockbank, had standing to object to probate of the will of the decedent of August 13, 1997. It appears that this motion is well founded based upon events that occurred subsequent to my prior decree.
The initial determination was based upon SCPA 1410, which states that the fiduciary named in a prior will does not have standing to object to a later will “unless authorized by the court for good cause shown.” Allegations of fraud and undue influence are good cause (Matter of Lerner, 72 Misc 2d 592 [Sur Ct, Queens County 1973]), provided they are supported by factual averments and not mere conclusory allegations. Objectant made substantial factual averments of undue influence as well as lack of testamentary capacity. As noted in my prior decision, objectant is not personally interested in the within estate, but rather had standing solely as executor and therefore fiduciary for four named charities. The Attorney General of the State of New York has now appeared in this matter on behalf of the charities and also filed objections to probate. The Attorney General’s authority to represent the charities is statutory and appears to obviate the need for a separate *460 fiduciary. In opposition to this objectant Brockbank cites two cases: Matter of Silverman (91 Misc 2d 125 [Sur Ct, NY County 1977]) and Smithers v St. Luke’s-Roosevelt Hosp. Ctr. (281 AD2d 127 [1st Dept 2001]). The Silverman case involves two legatees who were entitled to take the same shares under both the prior will and one probated. The court found they had standing, however, as they alleged misconduct on the part of one of the executors in taking estate assets for himself immediately prior to the death of the decedent. The objectant in this matter has alleged similar conduct on the part of the executor herein, but unlike the objectants in Silverman, he is not a legatee under a prior will.
The Smithers case involves the standing of a donor of a charitable trust as against the donee. In that case the court found that although the Attorney General has the statutory power to enforce such trusts under EPTL 8-1.1 (f), that power was not exclusive. The court found the donor had the power to enforce the terms of trust. The objectant herein is, of course, not the donor. He asserts that he is uniquely situated to carry out the intent of the testator. Whatever contribution the objectant may make to the court’s determination of the testator’s intent is probably best made as a witness. Accordingly, I conclude that the motion of the Attorney General should be granted. The cross motion by objectant Brockbank should be denied.