■ In the Matter of RICHARD E. LAMOTTA, Deceased. ROBERT ORNSTEIN et al., Respondents; ROBERT B. GURIAN, Guardian ad Litem for MARIKA NADEL-LAMOTTA et al., Respondents; KATHERINE AVERY LAMOTTA, Appellant. [956 NYS2d 177]—

Under SCPA 1404, any party to a probate proceeding, before or after filing objections, "may examine any or all of the attesting witnesses [or] the person who prepared the will . . . as to all relevant matters which may be the basis of objections to the probate of the propounded instrument" (SCPA 1404 [4]). In addition, the party conducting such examination is entitled to "all rights granted under article 31 of the civil practice law and rules with respect to document discovery" (SCPA 1404 [4]). "As a general rule, the right of potential objectants, such as adversely affected distributees or legatees, to examine under SCPA 1404, is unconditional, without any preliminary showing of the need for the examination" (Matter of Peckolick, 167 Misc 2d 597, 599 [1996]; see Matter of Baker, 160 Misc 862, 863-864 [1936]; cf. Matter of American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d 82, 94-95 [2008]). Here, Katherine Avery LaMotta, the decedent's granddaughter, was deprived of her unconditional right to examine the attesting witnesses and person(s) who prepared the will, and to related discovery pursuant to SCPA 1404. Accordingly, the decree must be reversed, the application to conduct examinations and discovery pursuant to SCPA 1404 granted, and the matter remitted to the Surrogate's Court, Westchester County, for examinations and related discovery conducted pursuant to SCPA 1404, and a new determination of the petition. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.