XIPPAS v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Term.   May 17, 1910.)

1. EVIDENCE (§ 598*)—WEIGHT AND SUFFICIENCY—PREPONDERANCE.

In an action for personal injuries, plaintiff, a foreigner who could not speak English well, gave his testimony without an interpreter.   He called two witnesses, both of whom were foreigners, and neither of whom spoke English, and counsel for defendant, in order to expedite the trial, conceded that their testimony would be the same as plaintiff's.   Defendant's version. of the accident, as stated by its employé, was sustained by the testimony of a colored boy about 14 years of age, by that of a man who was near the place of the accident at the time, by testimony of a policeman who came on the scene immediately after plaintiff was injured, and by a member of the fire department who saw the entire occurrence.   *Held*, that plaintiff did not sustain the burden of proving his case by a fair preponderance of evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2450–2452; Dec. Dig. § 598.*]

2. APPEAL AND ERROR (§ 1003*)—REVIEW—WEIGHT OF EVIDENCE.

On appeal from an action for personal injuries, where it appears evident that the jury must have been swayed by sympathy for plaintiff's apparent helplessness, instead of being influenced solely by the testimony, the court will not hesitate to reverse as against the weight of evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Peter Xippas against the New York Transportation Company.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

Argued before SEABURY, GUY, and BIJUR, JJ.

Arthur K. Wing, for appellant.
Milton M. Leichter, for respondent.

BIJUR, J.   Plaintiff sues for damages for injuries received through being run over by one of defendant's electric cabs, at Seventh avenue and Thirtieth street, on the evening of December 13, 1909, while it was raining quite hard.   Plaintiff was carrying an open umbrella at the time.   According to plaintiff's story, the driver of the cab may have been negligent, and plaintiff may have been free from contributory negligence.   According to defendant's story, the driver was plainly careful, and the accident was due solely to plaintiff's negligence.

Plaintiff was a Greek, who could not speak English well, and, as no interpreter was at hand, his story lacked precision.   His counsel produced two witnesses, both Greeks, who happened to be in the vicinity, separately.   As neither spoke English, beyond a few words and phrases, it was found impossible to examine them; but counsel for defendant, in order to expedite the trial, conceded that their testimony would be the same as plaintiff's.   Defendant's version of the accident, as stated by the driver, was sustained in every particular by a colored. boy, about 14 years of age, who witnessed it from the northwest cor-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ner of Thirtieth street, by a man who was walking north on Seventh avenue just below Thirtieth street, by a policeman, who came on the scene immediately after plaintiff was run down, who did not see the accident, but who confirmed the position of the cab and of plaintiff's person thereunder, and, finally, by a member of the municipal fire department who was waiting on the northwest corner of Twenty-Ninth street for a south-bound car, and who saw the entire occurrence clearly from a point less than 200 feet distant.

While the story of the colored boy is open to doubt in one or two particulars, these inaccuracies may be attributed to his youth. Some doubt as to the credibility of the pedestrian might arise from the rather improbable story that he tells as to how he happened to become a witness, although there is nothing inherently impossible in his narrative. The testimony, however, of the policeman and the fireman, are clear and accurate, and come from two witnesses evidently entirely disinterested. In view of this testimony, it seems that the accident could not possibly have happened at the point and in the manner claimed by the plaintiff; and, at the very best, it is apparent that he did not sustain the burden of proving his case by a fair preponderance of evidence. While, therefore, traditionally reluctant to reverse a judgment based upon the verdict of a jury, solely on the ground of its being against the weight of evidence, when a case like the one at bar is presented, where it appears evident that the jury must have been swayed by sympathy for the plaintiff's apparent helplessness, instead of being influenced solely by the testimony, the court should not hesitate to do justice.

The judgment below is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.