■ In the Matter of the Estate of EDWARD H. LANGBEIN, Deceased. CHARLES LANGBEIN, Appellant; EDWARD E. LANGBEIN, Respondent.— In a contested probate proceeding, proponent appeals (1) from so much of a decree of the Surrogate's Court, Kings County, entered July 26, 1965 after a jury disagreement, as (a) denied his motion, which had been made at the trial, (i) to dismiss respondent contestant's objection as to testamentary capacity and (ii) for a directed verdict admitting the propounded instrument to probate and (b) ordered a new trial on said objection; and (2) from an order of said court, entered October 13, 1965 which denied his motion for summary judgment dismissing said objection and admitting the propounded instrument to probate. Decree entered July 26, 1965, insofar as appealed from, reversed on the law and proponent's motion to dismiss the objection as to testamentary capacity and to admit the will to probate granted, with costs to proponent, payable out of the estate; and proceeding remitted to the court below for entry of a decree accordingly. No questions of fact have been considered. Appeal from order entered October 13, 1965 dismissed, without costs, as academic in view of the disposition herein made with respect to the appeal from the decree. An instrument purporting to be the last will and testament of an 80-year-old man, executed on May 5, 1964, about eight months before his death, was propounded for probate. It was met with objections; but only the isssue as to testamentary capacity has survived for review in this court. The contestant is a nephew of the decedent. The jury could not agree on the issue of testamentary capacity; and the court denied the motion for a directed verdict admitting the writing to probate and ordered a new trial. If there were more than a scintilla of evidence tending to prove incompetency and creating a situation for differing inferences to be drawn, then the question would be for the jury (*Hagan* v. *Sone*, 174 N. Y. 317; *Matter of Burnham*, 201 App. Div. 621, affd. 234 N. Y. 475). That rule does not mean that where *any* evidence, no matter how trifling or insignificant, is presented, the court is deprived of power to act (see, *Matter of Burnham*, *supra*; *Matter of Horton*, 272 App. Div. 646, affd. 297 N. Y. 891). The contestant's medical expert gave a totally unacceptable opinion. He had never seen the testator and his opinion was so speculative with respect to the critical date, May 5, 1964, that it must be rejected. His hypothesis that progressive arteriosclerosis, diagnosed in November, 1964, supported the conclusion that the disease had affected the decedent's

mental capacity back in May, 1964, is pure conjecture. A lay witness, who was an employee of the contestant, testified that certain activity of the decedent was irrational — for example, as to his personal habits, his memory and his penury. Aside from the interest this witness may have had in helping his employer, his testimony was weak in itself and was decimated by 14 witnesses who worked with, dealt with and communicated with the decedent at about the time the instrument was executed; and all those witnesses testified to rational activity and conversations. Additionally, the lawyer who drew the instrument and who was a subscribing witness testified to testamentary capacity; he was an experienced attorney who knew the decedent for 25 to 30 years and who supervised the execution of the document at the decedent's place of business. The other two subscribing witnesses similarly supported the proponent's case. We also note that the decedent worked daily throughout the period in question at his place of business. It is significant that the contestant, specifically excluded from benefiting under the propounded instrument, was also left out of the decedent's previous " will ", which was made March 21, 1963. Under all the circumstances, no fact question was created as to testamentary capacity. We hold as a matter of law that when the decedent executed the propounded instrument on May 5, 1964, he had the testamentary capacity to do so. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.