■ In the Matter of the Estate of MICHAEL VUKICH, Deceased.—Decree unanimously reversed, on the law and facts, with costs, and probate directed. Memorandum: On July 27, 1972 testator, 78 years of age, executed a will leaving his entire estate to a friend. On August 18, 1972, while hospitalized with a terminal illness, he executed another will leaving his

estate to his stepdaughter and her husband in equal shares. When the August 18 will was offered for probate, his friend filed objections on the grounds that it was improperly executed, that the testator was acting under undue influence and that he lacked testamentary capacity. A jury trial was held on these issues, and a verdict was returned finding that the will was properly executed but that the beneficiaries had exerted undue influence and that the testator lacked testamentary capacity. The evidence of undue influence was insufficient to warrant the submission of this issue to the jury. It was circumstantial at best and showed nothing more than access to the decedent by the beneficiaries and perhaps a motive on their part to exert influence upon him. There is no showing, however, that any influence was actually utilized and, as such, the proof was insufficient *(Matter of Walther,* 6 NY2d 49). The evidence that the testator lacked testamentary capacity was also insufficient. It consisted of the testimony of a psychiatrist who had never examined or even met the testator. His testimony, which was contradicted by testator's personal physician, was predicated on an examination of the decedent's medical records and the medication which had been prescribed for him. In his opinion the effects of the prescribed medication rendered the decedent mentally incapable of executing a will. In similar situations courts have rejected such speculative expert testimony and directed probate as a matter of law (see *Matter of Villani,* 28 AD2d 76; *Matter of Langbein,* 25 AD2d 681; *Matter of Burnham,* 201 App Div 621, affd 234 NY 475). (Appeal from decree of Erie County Surrogate's Court—probate.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.