■ In the Matter of the Estate of OLGA J. SLADE, Deceased. MARINE MIDLAND BANK, N. A., et al., Appellants; CATHERINE A. SCALLEN et al., Respondents. — Decree and judgment unanimously affirmed, without costs. Memorandum: On October 7, 1980, the testatrix, a widow without children who was then 91 years old, executed a will in the office of a psychiatrist to whom she had been referred by her lawyer. The will, witnessed by both the psychiatrist and the lawyer, left her entire estate, valued at approximately $650,000, to a friend and former neighbor. When the will was offered for probate, distributees of the testatrix filed objections alleging lack of due execution, lack of testamentary

capacity and undue influence on the part of the individual named in the will. The contestants moved for a directed verdict at the end of the proponents' proof and at the close of their proof and the court reserved decision on each occasion. The jury returned a special verdict and made the following findings: (1) that the will was properly executed; (2) that there was no undue influence; and (3) that the testatrix had testamentary capacity. The contestants again renewed their motion for a directed verdict and the court granted the motion on the issue of lack of testamentary capacity (CPLR 4404, subd [a]). We affirm.

The proponent has the burden of proving that the testator possessed testamentary capacity and the court must look to the following factors: (1) whether she understood the nature and consequences of executing a will; (2) whether she knew the nature and extent of the property that she was disposing of; and (3) whether she knew those who would be considered the natural objects of her bounty and her relations with them (*Matter of Bush,* 85 AD2d 887, 888; see, also, *Matter of Delmar,* 243 NY 7; *Matter of Flynn,* 71 AD2d 891, 892).

On this record, the proponents failed to establish as a matter of law that the testatrix knew the nature and extent of the property she was disposing of. The testatrix believed her total assets amounted to only $10,000, when in fact her estate was valued at more than $650,000. Her stockbroker testified that since 1977 she was unable to transact any business and did not know what stocks and bonds she owned. In 1979, a conservator was appointed based upon evidence that her house was littered with more than $30,000 in cash and that she had not paid her income tax, property tax or utility bills (see *Matter of Jerrell,* 63 NYS2d 499, app dsmd 70 NYS2d 580; 64 NY Jur, Wills, § 128, p 286). Moreover, every diagnosis of the testatrix made during the year prior to the execution of her will indicated she was suffering from "degenerative dementia", a mental disorder which worsens over time. Proponents' reliance on the testimony of Dr. Caine in favor of the testatrix's testamentary capacity is misplaced. The doctor did not see or examine her and did not discuss her condition with any of her attending physicians or nurses. He only reviewed her medical records. Such testimony is the weakest and most unreliable kind of evidence (see *Matter of Vukich,* 53 AD2d 1029, affd 43 NY2d 668; *Dobie v Armstrong,* 27 App Div 520, 526-527, affd 160 NY 584; 64 NY Jur, Wills, §§ 178-179, pp 330-333). Where opinion testimony is contradicted by the facts, the facts must prevail (see *Matter of Horton,* 272 App Div 646, affd 297 NY 891). On this record the proponents failed to establish by a fair preponderance of the evidence that the

testatrix had testamentary capacity in that she was of sound mind and memory when she executed her will (see EPTL 3-1.1). (Appeal from decree and judgment of Monroe County Surrogate's Court, Ciaccio, S. — will contest.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.