OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the matter remitted to Surrogate’s Court for entry of a decree granting the petition for probate.
 

 It is the indisputable rule in a will contest that "[t]he proponent has the burden of proving that the testator possessed testamentary capacity and the court must look to the following factors: (1) whether she understood the nature and consequences of executing a will; (2) whether she knew the nature and extent of the property she was disposing of; and (3) whether she knew those who would be considered the natural objects of her bounty and her relations with them”
 
 (Matter of Slade,
 
 106 AD2d 914, 915;
 
 see also, Matter of Delmar,
 
 243 NY 7). When there is conflicting evidence or the possibility of drawing conflicting inferences from undisputed evidence, the issue of capacity is one for the jury (Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 3-1.1, p 275).
 

 Here, there was insufficient evidence adduced at trial to warrant submitting that issue to the jury. The subscribing witnesses and those who were close to decedent when the will was drafted each testified that decedent was alert and capable of understanding the nature of her actions. Decedent’s treating physician testified that it was his opinion, based on a reasonable degree of medical certainty, that decedent was competent when she signed the will. By contrast, a physician called by the objectant who reviewed decedent’s medical records was unable to state with a degree of medical certainty that decedent was incompetent at the time in question. That the will contained a bequest to a "brother”, long since deceased, "in Cuba, Cattaraugus County, New York” does not raise a question of decedent’s competence in light of her attorney’s testimony that, without knowing of the brother’s death, he had assumed that the person referred to was decedent’s brother and the fact that decedent’s nephew, who along with his two sisters were the sole heirs, bore the same name as decedent’s brother and resided in Cuba, Cattaraugus County. Also without significance are the bequests establishing trust funds in relatively small amounts and the omission of a specific devise of certain land to a historical site, contrary to a wish mentioned on several occasions by decedent.
 

 
 *693
 
 It was likewise error to submit the question of undue influence to the jury. That the willdrafter stood to benefit by being named trustee of the estate and that he possessed an "opinionated and domineering personality”, as indicated by his propensity to write "letters to the editor”, is of no import. There is no evidence that decedent’s attorney exercised a " 'moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against h[cr] free will’ ”
 
 (Matter of Walther,
 
 6 NY2d 49, 53, quoting
 
 Children’s Aid Socy. v Loveridge,
 
 70 NY 387, 394).
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs payable out of the estate to all parties appearing separately and filing separate briefs, and matter remitted to Surrogate’s Court, Orange County, for entry of a decree granting the petition for probate, in a memorandum.