■ In the Matter of the Estate of FRIEDA SWAIN, Deceased. VIRGINIA JANZEN, Appellant; JAMES SWAIN, Respondent.—In a contested probate proceeding, the proponent appeals from stated portions of a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated December 12, 1983, which, *inter alia,* upon a jury verdict finding that the testatrix lacked testamentary capacity at the time of execution and (2) that the will was procured by the undue influence and fraud of the petitioner and/or her husband, denied probate of the will dated July 6, 1981.

Justice Kooper has been substituted for the late Justice Gibbons (22 NYCRR 670.2 [c]).

Ordered that the decree is reversed insofar as appealed from, on the law, without costs or disbursements, the proponent's motion for judgment as a matter of law on the issues of testamentary capacity, undue influence and fraud is granted with the direction that the will be admitted to probate, and the proceeding is remitted to the Surrogate's Court, Suffolk County, for entry of a decree in accordance herewith.

The testatrix, Frieda Swain, died on August 16, 1981, at the age of 83. In prior wills executed in 1964, 1976 and 1978, she bequeathed her assets in equal shares to her two children, Virginia Janzen and James Swain, the parties hereto. Following a stroke which the testatrix suffered in early 1981, she moved into her daughter's home, and indicated that she

wished her daughter to care for her henceforth. The son ceased visiting his mother after her release from the hospital due to his poor relationship with his sister. He was not, however, prevented from contacting his mother at any time.

Approximately six months after having been hospitalized due to her stroke, the testatrix executed a fourth will whereby she bequeathed her entire estate to her daughter and specifically disinherited her son. After the testatrix's death, the petitioner, the executor named in the will, filed a petition for probate to which her brother, the respondent herein, objected on the grounds of lack of due execution, lack of testamentary capacity, fraud and undue influence.

After a lengthy jury trial in the Surrogate's Court, a verdict was rendered finding that although the will had been duly executed, the testatrix had lacked testamentary capacity at the time of execution and the will had been procured through the fraud and undue influence of Virginia Janzen and/or her husband. The Surrogate issued a decree upon the verdict which denied the petition for probate. This decree constitutes the subject of the instant appeal by the petitioner.

There was no direct evidence presented at trial from which a conclusion could be drawn that the petitioner or her husband exercised any undue influence to effect a change in the testatrix's testamentary intent, nor that their behavior was fraudulent in that respect. The circumstantial evidence presented was, furthermore, entirely consistent with an inference that the will disinheriting her son was the product of the testatrix's gratitude to her daughter and her intent, expressed to many, to place herself in her daughter's care for the future. " 'An inference of undue influence cannot be reasonably drawn from circumstances when they are not inconsistent with a contrary inference' " (*Matter of Walther,* 6 NY2d 49, 54, quoting from *Matter of Ruef,* 180 App Div 203, 204, *affd* 223 NY 582). Moreover, the Surrogate erred in charging the jury that an inference of undue influence arose from the confidential relationship between the testatrix and the petitioner requiring an explanation of the bequest to the petitioner, since "[t]he sense of family duty is inexplicably intertwined in this relationship which, under the circumstances, counterbalances any contrary legal presumption" (*Matter of Walther, supra,* at p 56).

Nor did the respondent present evidence to refute the testimony of the subscribing witnesses that the testatrix was alert, lucid and of sound mind at the time she executed her will. The respondent offered the testimony of an expert wit-

ness, a psychiatrist who never knew the testatrix and who neither treated her nor consulted with any of the medical personnel who did render treatment to her. After a mere examination of the testatrix's medical records, the respondent's expert concluded that the testatrix was so impaired by the stroke that she could not have known the nature of her assets or the natural objects of her bounty. Significantly, the expert's opinion was based upon an examination of medical records which did not even cover the month when the will was executed. His opinion was purely speculative and was contradicted by the testimony of the testatrix's treating physician who found her to be lucid and rational on every occasion on which he saw her. The speculative expert testimony, therefore, was entitled to no weight (see, Matter of Vukich, 53 AD2d 1029, affd 43 NY2d 668; Matter of Slade, 106 AD2d 914, 915; Matter of Langbein, 25 AD2d 681).

There being no real issue as to the mental capacity of the testatrix at the time she executed the will in question, and no supportable inference of fraud or undue influence in this record, the Surrogate should not have submitted those issues to the jury but, rather, should have given the petitioner judgment as a matter of law in her favor on all three issues (see, Matter of Hedges, 100 AD2d 586, appeal dismissed 63 NY2d 944).

While our task as an appellate tribunal is not to invade the province of the jurors by substituting our view of the facts for theirs, the nature of the testimony adduced at trial in the instant case was such that no reasonable person would have resolved the litigation in the way the jury chose to do (see, Corey v Powell, 53 AD2d 924). This was not merely a case in which the evidence was so evenly balanced that reasonable persons might differ as to the inferences to be drawn therefrom. On the contrary, in light of the evidence in favor of the unsuccessful party an inference may be drawn that the verdict rested not upon consideration of the testimony but was founded, rather, upon sympathy, prejudice or mistake (see, Witkin v Charles D. Beckwith, Inc., 238 App Div 328, affd 263 NY 560; Xippas v New York Transp. Co., 123 NYS 238; 4 NY Jur 2d, Appellate Review, § 434, at 552-553). Upon our review of the record, we determine that the jury's verdict lacks any support in the evidence and that the will dated July 6, 1981 should be admitted to probate. Lazer, J. P., Mangano, Weinstein and Kooper, JJ., concur.