■ In the Matter of the Estate of ROBERT VAN PATTEN, Deceased. ROBERT VAN PATTEN, JR., et al., as Preliminary Coexecutors of the Estate of ROBERT VAN PATTEN, Deceased, Respondents; DIXIE LEE BURGER et al., Appellants, et al., Respondents. [627 NYS2d 141] —Casey, J. Appeals (1) from an

order of the Surrogate's Court of Saratoga County (Lomanto, S.), entered March 25, 1994, which, *inter alia,* granted a motion for summary judgment by petitioner Robert Van Patten, Jr. dismissing respondents' objections to the probate of an instrument purporting to be the last will and testament of decedent, and (2) from a decree of said court, entered March 25, 1994, which admitted to probate an instrument purporting to be the last will and testament of decedent.

At issue on this appeal is whether expert opinion evidence of a testator's mental condition based exclusively upon the testator's medical records is sufficient to create a question of fact on the issue of testamentary capacity when all of the direct evidence of the testator's mental condition from persons who observed and interacted with the testator during the relevant time period contradicts the expert's opinion and demonstrates testamentary capacity. We agree with Surrogate's Court that the expert opinion evidence submitted by respondent Dixie Lee Burger (hereinafter respondent) is insufficient to defeat the right of petitioner Robert Van Patten, Jr. (hereinafter petitioner) to summary judgment.*

When the proponent of a will meets the burden of establishing testamentary capacity with evidence which demonstrates that the testator understood the nature and consequences of executing a will, knew the nature and extent of the property disposed of by the will, and knew those who would be considered the natural objects of his bounty and his relations with them, the testimony of an objectant's expert who has reviewed the testator's medical records and is unable to state with a degree of medical certainty that the testator was incompetent is insufficient to warrant submission of the issue to the jury *(see, Matter of Kumstar,* 66 NY2d 691, 692). The appellate courts have also long adhered to the general rule in will cases that when opinion evidence of testamentary capacity is contradicted by the facts, the facts must prevail *(see, e.g., Matter of Slade,* 106 AD2d 914, 915; *Matter of Horton,* 272 App Div 646, 651, *affd* 297 NY 891; *Buchanan v Belsey,* 65 App Div 58, 62). Respondent contends that the decision in *Matter of Kumstar (supra)* is distinguishable because the expert herein based his opinion upon "a reasonable degree of medical certainty". Respondent also contends that the general rule set forth above is inapplicable to summary judgment motions. Relying upon

---

* While respondent Ronald W. Van Patten also appealed from the order and decree of Surrogate's Court being reviewed, he later withdrew his appeals.

the principle that conflicting evidence or the possibility of conflicting inferences from undisputed evidence on the issue of testamentary capacity creates a question of fact for the jury *(see, Matter of Kumstar, supra,* at 692), respondent contends that the expert's opinion of the testator's incompetence created a conflict in the evidence on the issue of testamentary capacity which required a trial to assess the credibility of the expert. We find no merit in respondent's arguments.

Our analysis begins with a brief examination of the nature of medical opinion evidence in general and the nature of the particular medical opinion evidence in this case. The phrase "reasonable degree of medical certainty" recognizes that neither the medical expert nor medical science is infallible, and it reflects the limitations inherent in medical opinion *(see, Matott v Ward,* 48 NY2d 455, 462). Thus, a physician is permitted to give an opinion when he or she " 'intends to signify a probability supported by some rational basis' " *(supra,* at 461, quoting *Matter of Miller v National Cabinet Co.,* 8 NY2d 277, 282), and a physician who has "played an intimate role in the medical history of the case", such as the treating physician, is in the best position to hold an informed opinion *(supra,* at 462).

Here, in contrast, respondent's expert was never one of the testator's treating physicians, never examined the testator and was never involved in any way in the medical history of the case. Nor did the expert discuss the matter with any physician who examined or treated the testator. Rather, the expert merely reviewed the testator's medical records and rendered his opinion based upon the documentary evidence of the testator's physical condition and the prescribed drug therapy. Similar expert opinion evidence has been described as "the weakest and most unreliable kind of evidence" *(Matter of Slade,* 106 AD2d 914, 915, *supra)* and insufficient to warrant submission of the issue of testamentary capacity to the jury *(see, Matter of Vukich,* 53 AD2d 1029, 1030, *affd* 43 NY2d 668; *Matter of Horton,* 272 App Div 646, 650, *supra).*

Not having examined the testator and not having been otherwise involved in the medical history of the case, respondent's expert arrived at his opinion through an inference or deduction which would be equally applicable in all cases involving a physical condition and drug therapy identical to those revealed by the testator's medical records. Inasmuch as there are inherent limitations in medical opinion evidence because of the absence of scientific certainty *(see, Matott v Ward, supra,* at 462), the possibility remains that even if the

opinion of the expert is accepted as the rule in such cases, there may still be one case or more which proves the exception rather than the rule. In other words, given a large number of cases involving the same physical condition and drug therapy as revealed by the testator's records, the expert's opinion of incompetence could prove correct in the vast majority of cases, perhaps even approaching 100%, but because of the uncertainty inherent in medical opinion there could be a statistically insignificant number of cases in which the patient was not in fact incompetent. When viewed in this context, it is apparent that contrary to respondent's claim, the opinion of respondent's expert that the testator must have been incompetent because of the physical condition and drug therapy revealed by the medical records does not necessarily conflict with the direct evidence of the testator's mental competence presented by petitioner.

Petitioner presented overwhelming evidence of the testator's testamentary capacity. There are affidavits and/or testimony from the testator's attorney and the attesting witnesses, all of whom observed and interacted with the testator prior to and during the will execution ceremony. There is also evidence from the testator's long-time friend, the treating physician at the hospital where the will was executed and family members, all of whom observed and interacted with the testator shortly before and/or shortly after the will execution ceremony. Respondent claims there are inconsistencies in petitioner's evidence, but there is nothing in petitioner's evidence to suggest that the testator did not understand the nature and consequences of his execution of the will or that he otherwise lacked testamentary capacity. As petitioner points out, there is undisputed evidence that the testator continued for several years after execution of the will to be involved in the operation of the business that he had started.

Considering the undisputed direct evidence of the testator's competence presented by petitioner, and recognizing the inherent limitations in medical opinion evidence in general and the weakness of the particular medical opinion evidence presented by respondent, we are of the view that the general rule in will cases, which gives precedence to the facts when opinion evidence of testamentary capacity is contradicted by all of the facts, applies to this summary judgment motion. Petitioner met the burden as the movant to establish entitlement to judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562), and respondent's submission of the opinion of an expert who never examined the testator nor was

otherwise involved in the medical history of the case is insufficient to warrant a trial on the issue of testamentary capacity *(see, Matter of Vukich,* 53 AD2d 1029, 1030, *supra; Matter of Langbein,* 25 AD2d 681; *Matter of Horton,* 272 App Div 646, 650, *supra).*

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order and decree are affirmed, with costs.