■ In the Matter of the Estate of WILLIAM J. TRACY, Deceased. WILLIAM T. TRACY et al., Appellants; ROBERT E. STEINBERG et al., Respondents. [634 NYS2d 198] —In a proceeding to settle the account of a trustee of a trust created by the will of William J. Tracy, William T. Tracy, Marylin N. Tracy, Ronald M. Blau, Anne Tracy Bricker, and F. William Crandall appeal from an order and decree (one paper) of the Surrogate's Court, Westchester County (Brewster, S.), dated January 14, 1994, amending a decree of the same court dated October 24, 1990, which, upon setting aside a jury verdict determining, inter alia, that Dorothy Ennis Tracy lacked testamentary capacity to execute her will, directed that the trust be distributed according to the provisions of her will.

Ordered that the order and decree is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs, payable by the appellants personally.

The Surrogate's Court properly set aside the jury's verdict that Dorothy Ennis Tracy lacked testamentary capacity. The appellants never refuted the testimony of the subscribing witnesses that the testatrix was alert, and of sound mind, memory and understanding at the time she executed her will. The appellants offered the testimony of an expert witness, a neurologist, who never knew the testatrix and who never treated her. After an examination of the testatrix's medical records, the appellants' expert concluded that she lacked testamentary capacity to execute her will. His opinion was speculative and contradicted by the testimony of the respondents' witnesses, including expert testimony. As this Court held in *Matter of Swain* (125 AD2d 574), speculative expert testimony should not be entitled to any weight *(see also, Matter of Vukich,* 53 AD2d 1029, *affd* 43 NY2d 668; *Matter of Slade,* 106 AD2d 914, 915; *Matter of Langbein,* 25 AD2d 681).

The appellants' remaining contentions are not properly raised on this appeal. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.