■ In the Matter of the Estate of ARTHUR S. GALASSO, Deceased. FRANCES S. KARIAN et al., as Executrices, Appellants; MARGARET RANIERI, Respondent. [641 NYS2d 32] —Order, Surrogate's Court, Kings County (Bernard Bloom, S.), entered on or about April 3, 1995, which, after a nonjury trial, *inter alia*, dismissed the petition and amended petition, declared a certain lease agreement between decedent and respondent enforceable and upheld the inter vivos transfer from deceased to respondent of one share of stock in a multiple listing service corporation, unanimously affirmed, without costs.

We perceive no error in the conclusions reached by the Surrogate based upon the testimony adduced at trial. At the time of the contested lease and transfer of stock, the deceased, while suffering from cancer, was shown to be of sufficient competence to execute the lease knowingly and voluntarily and to make the inter vivos gift. In addition to the lay testimony establishing decedent's mental capacity at the time of the contested actions, the sole expert witness was deceased's treating physician, who confirmed that deceased, at the relevant times, was lucid and competent (*see, Matter of Tracy*, 221 AD2d 643). In view of this testimony, we reject petitioners' claim on appeal that respondent did not carry her burden of proof as required of a fiduciary on the issue of undue influence (*compare, Matter of LoGuidice*, 186 AD2d 659). Finally, the claim of substantive unconscionability with respect to the lease is not supported by the record. It is clear that deceased wished respondent to carry on his real estate business and the lease and the transfer of share carry out that intent. These actions do not defeat the entire testamentary plan of the deceased.

We have considered petitioners' other contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Tom, JJ.