101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Lagraw McNEILL, Defendant-Appellee,
v.
Dorothy REEVES, Elveta Reeves, Defendants-Appellants.
 No. 95-9200.
 United States Court of Appeals,
Second Circuit.
 July 25, 1996.
 
 1
 Phroska L. McAlister, New York City, for Appellants.
 
 
 2
 LaGraw McNeill, pro se, Jamaica, New York, for Appellee.
 
 
 3
 Present: WINTER, LEVAL, Circuit Judges, THOMPSON, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Dorothy Reeves and Elveta Reeves appeal from Judge Sweet's decision awarding life insurance benefits to LaGraw McNeill, pro se. Metropolitan Life Insurance Company initiated this interpleader action to determine the proper beneficiary of a $26,771.87 life insurance policy held by George Reeves, an employee of Con Edison. The question at trial was whether on August 16, 1988, George Reeves was legally competent when he changed the beneficiaries of his life insurance policy from his wife, Elveta, and his sister, Dorothy, to LaGraw McNeill, his daughter from a previous marriage.
 
 
 7
 On appeal, Dorothy and Elveta Reeves argue that the district court erred in finding for McNeill because there is an unrebutted presumption of George's incompetency and triable issue of fact concerning the applicability of the ERISA and REA antialienation provisions. We affirm.
 
 
 8
 No matter who has the burden of proving capacity to designate a life insurance beneficiary, compare In re Estate of Obermeier, 150 A.D.2d 863, 864, 540 N.Y.S.2d 613, 613 (3d Dep't 1989) (in contract cases "the burden of proving incompetence rests with the party asserting incapacity") with In re Estate of Kumstar, 66 N.Y.2d 691, 692, 487 N.E.2d 271, 272, 496 N.Y.S.2d 414, 415 (1985) (proponent of a will has burden of proving that testator had testamentary capacity), the district court's determination that George Reeves was not incompetent on the date in question was not clearly erroneous. At trial, both sides proffered competing evidence regarding George Reeves's mental state around the time of the beneficiary change. Although it appears clear from the medical records that George was incompetent by the spring of 1989, nothing in the record, besides the competing testimony of the parties, indicates that he lacked mental capacity in August 1988. The district court was entitled to weigh the credibility of the witnesses in determining when George Reeves became incompetent and we will not upset such a determination.
 
 
 9
 Appellants' argument that the district court erred in failing to determine whether the policy was subject to the antialienation provisions of ERISA, 29 U.S.C. § 1056(d)(1), is raised for the first time on appeal. Issues raised for the first time on appeal will be considered only where necessary to remedy an obvious injustice. Greene v. United States, 13 F.3d 577, 586 (2d Cir.1994). No such injustice exists here. ERISA's antialienation provision explicitly exempts "employee welfare benefit plans," 29 U.S.C. § 1051(1), which include, inter alia, "benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (emphasis added); see also Equitable Life Assurance Soc'y v. Crysler, 66 F.3d 944, 947-48 (8th Cir.1985) (antialienation provisions of ERISA do not apply to an employee's life insurance policy). Appellants' argument that "the policy appears to be inextricably connected to the insured's pension plan benefits," is unsupported by any evidence in the record. Indeed, Con Edison's Health Insurance Summary Plan does not link life insurance to pension plan benefits in any way and explicitly states that employees may "change [their] beneficiary at any time," it is certainly not clear that the antialienation provisions of ERISA are applicable.
 
 
 10
 We therefore affirm.
 
 
 
 *
 The Honorable Alvin W. Thompson, United States District Judge for the District of Connecticut, sitting by designation