■ In the Matter of the Estate of Ethel H. Brownstone, Deceased. Lucien and Ethel Brownstone Foundation, Appellant; Citibank, N.A., Respondent, and Calvary Baptist Church, Respondent. [735 NYS2d 78] —Decree, Surrogate's

Court, New York County (Eve Preminger, S.), entered on or about April 24, 2001, which, upon a directed verdict in favor of the proponents of the subject will and against the objectant, granted probate of the will, unanimously affirmed, without costs.

The Surrogate properly directed a verdict in favor of the will's proponents since they established a prima facie entitlement to probate and the evidence offered by the objectant was insufficient to raise a question of fact as to whether the testatrix, at the time she executed the will, lacked testamentary capacity (see, Matter of Kumstar, 66 NY2d 691). Although objectant maintains that the testimony of its neurological expert was sufficient to raise a factual issue as to the testatrix's testamentary capacity, that was plainly not the case since the expert was admittedly unable to testify to a reasonable degree of medical certainty that the testatrix was without testamentary capacity when she executed the subject will.

The various evidentiary rulings challenged by the objectant were proper. The record establishes that, contrary to objectant Foundation's contention, the Surrogate did not severely restrict the admission of the psychiatrist's deposition testimony. Declarations by one of objectant's fact witnesses with respect to his learning that the testatrix, while at a clinic, had been diagnosed as suffering from Alzheimer's disease, were properly excluded as hearsay since they were offered to prove the truth of the matter asserted. Also properly excluded as hearsay was evidence of communications between the decedent's former employee and attorney. Nor did the Surrogate err in refusing to admit into evidence undated and unauthenticated notes allegedly written by the decedent. This is particularly so since the circumstance that the notes were offered to prove, namely that the testatrix had been delusional since she falsely claimed that one of objectant's witnesses had been in her employ, was seriously undermined by the testimony of that witness, who stated that he had in fact been employed by the testatrix between 1979 and 1982.

We have reviewed objectant's remaining arguments and find them unavailing. Concur—Wallach, J. P., Lerner, Rubin, Buckley and Friedman, JJ.