■ In the Matter of the Estate of MARGARET V. CHIURAZZI, Also Known as MARGARET M. CHIURAZZI, Also Known as MARJORIE VALERI, Deceased. DOMINIC VALERIOTI et al., Appellants; ROBERT JOKEL, Respondent. [744 NYS2d 507] —In a contested probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Putnam County (Rooney, S.), dated May 9, 2001, which, after a nonjury trial, admitted the decedent's will to probate.

Ordered that the decree is affirmed, with costs payable by the objectants personally.

The determination of the Surrogate, who presided at the trial and heard all of the testimony, is entitled to great weight in this case, which hinged on the credibility of the witnesses (*see Matter of Margolis,* 218 AD2d 738; *Matter of Morris,* 208

AD2d 733). Upon our review of the record, we find no basis to set aside that determination.

Although evidence was presented at trial that the decedent suffered from periods of confusion, the proponent established that the decedent was aware of the natural objects of her bounty, and the nature and extent of her property at the time the will was executed. Therefore, she possessed testamentary capacity (*see Matter of Kumstar,* 66 NY2d 691; *Matter of Bustanoby,* 262 AD2d 407). The testimony of the objectants' experts, who never met or treated the decedent, was speculative, and, thus, not entitled to any weight (*see Matter of Tracy,* 221 AD2d 643; *Matter of Swain,* 125 AD2d 574).

Moreover, there was no evidence that the proponent exercised influence which amounted to "moral coercion * * * which, by importunity which could not be resisted, constrained the [decedent] to do that which was against [her] free will and desire but which [she] was unable to refuse or too weak to resist" (*Children's Aid Socy. of N.Y. v Loveridge,* 70 NY 387, 394; *see also Matter of Herman,* 289 AD2d 239). Without a showing that undue influence was actually exerted upon the decedent, mere speculation that opportunity and motive to exert such influence existed is insufficient (*see Matter of Fiumara,* 47 NY2d 845).

The objectants' remaining contentions are without merit. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.