■ In the Matter of the Estate of ESHAGH ESHAGHIAN, Also Known as E. IKE ESHAGHIAN, Deceased. MAHROKH ESHAGHIAN et al., Appellants; JOSEPH ESHAGHIAN, Respondent. [863 NYS2d 781]—

In a proceeding to probate the last will and testament and the codicil thereto of Eshagh Eshaghian, also known as E. Ike Eshaghian, Mahrokh Eshaghian and Tanaz Eshaghian appeal from an order of the Surrogate's Court, Queens County (Nahman, S.), dated March 27, 2007, which granted the motion of Joseph Eshaghian for leave to file objections to the codicil and denied their cross motion for a decree admitting the will and the codicil to probate and directing that letters testamentary and letters of trusteeship be issued to them, and for approval of a certain stipulation of settlement between them and the American Society for Technion-Israel Institute of Technology, Inc., which was approved by the Attorney General of the State of New York.

Ordered that the order is reversed, on the law, with costs, the motion of Joseph Eshaghian for leave to file objections to the codicil is denied, that branch of the cross motion of Mahrokh Eshaghian and Tanaz Eshaghian which was for approval of the stipulation of settlement is granted, and the matter is remitted to the Surrogate's Court, Queens County, for entry of an order approving the stipulation of settlement and for a new determination in accordance herewith of those branches of the cross motion which were for a decree admitting the will and the codicil to probate and directing the issuance of letters testamentary and letters of trusteeship to the appellants.

The motion of Joseph Eshaghian (hereinafter Joseph) for

leave to file objections to a purported codicil to the decedent's last will and testament should have been denied. Joseph's conclusory and speculative allegations regarding the decedent's lack of testamentary capacity and susceptibility to undue influence when executing the codicil, as set forth in the supporting affirmation and report of a neurologist, were insufficient to establish "good cause" for leave to file objections (*Matter of Eshaghian,* 7 AD3d 707, 708 [2004]; *see Matter of Hatzistefanou,* 77 Misc 2d 594, 595 [1974]; *Matter of Lerner,* 72 Misc 2d 592, 594 [1973]). Significantly, the neurologist never met the decedent, never examined or treated the decedent, and never spoke to the decedent's treating physician. Rather, the neurologist based his opinions as to the decedent's lack of testamentary capacity and susceptibility to undue influence when executing the codicil on an examination of the decedent's medical records and on one conversation with a brother of the decedent, who also, apparently, was not present when the decedent executed the codicil. Moreover, the neurologist's statements in that regard were contradicted by the affidavit of the decedent's treating physician, who, in his daily visits with the decedent during his hospitalization prior to his death, including on the day that the decedent executed the codicil, found the decedent to be alert and oriented, able to conduct conversations and business and to share in decisions relating to his medical and legal matters. The neurologist's conclusions also were contradicted by the affidavits of the two attesting witnesses to the execution of the codicil, who found the decedent to be clear-headed and alert, and of sound mind, memory, and understanding at the time he executed the codicil. Under such circumstances, the speculative and conclusory allegations of the neurologist were not entitled to any weight (*see Matter of Tracy,* 221 AD2d 643, 644 [1995]; *Matter of Van Patten,* 215 AD2d 947, 949 [1995]; *Matter of Swain,* 125 AD2d 574, 575-576 [1986]; *Matter of Vukich,* 53 AD2d 1029, 1030 [1976], *affd* 43 NY2d 668 [1977]; *Matter of Langbein,* 25 AD2d 681, 682 [1966]; *Matter of Monahan,* NYLJ, July 13, 2004, at 32, col 6). Moreover, Joseph's waiver of the commissions to which he would have been entitled if his appointment as a successor fiduciary under the will had not been revoked by the codicil was insufficient, in and of itself, to establish that his proposed objections were prompted solely by the obligation to see that the decedent's wishes were not frustrated (*see Matter of Torczyner,* 183 Misc 2d 564, 575 [2000]; *see generally Matter of Eshaghian,* 7 AD3d at 708; *Matter of Lerman,* 238 AD2d 341, 342 [1997]).

That branch of the appellants' cross motion which was for approval of the stipulation of settlement between them and a ben-

eficiary under the will, the American Society for Technion-Israel Institute of Technology, Inc. (hereinafter Technion), which was approved by the Attorney General of the State of New York, pertaining to Technion's objections to the probate of the codicil should have been granted (see Matter of Corbin, 13 Misc 3d 1244[A], 2006 NY Slip Op 52333[U] [2006]; see generally Matter of Beckley, 63 AD2d 855, 857 [1978]). However, the matter must be remitted to the Surrogate's Court, Queens County, for a new determination of those branches of the appellants' cross motion which were for a decree admitting the will and the codicil to probate and directing that letters testamentary and letters of trusteeship be issued to them. Before admitting a testamentary instrument to probate, the Surrogate's Court must be satisfied as to the genuineness of the testamentary instrument and the validity of its execution, even if no objections to probate of the instrument have been filed (see SCPA 1408; Matter of Pirozzi, 238 AD2d 833, 834 [1997]; Matter of Zurkow, 74 Misc 2d 736, 739-740 [1973]). Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.