# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

235

CA 12-01498

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF THE ESTATE OF HARRY O. LEE,
DECEASED.
------------------------------------------
LUCINDA GEORGE, PETITIONER-RESPONDENT;

LISA ANANIAS AND THE ESTATE OF GEORGIA LEE,
DECEASED, OBJECTANTS-APPELLANTS.

MEMORANDUM AND ORDER

---

THE LAMA LAW FIRM, ITHACA (CIANO J. LAMA OF COUNSEL), FOR
OBJECTANTS-APPELLANTS.

J. SCOTT PORTER, SENECA FALLS, FOR PETITIONER-RESPONDENT.

---

Appeal from a decree of the Surrogate's Court, Seneca County (Dennis F. Bender, S.), entered October 31, 2011. The decree admitted to probate the last will and testament of Harry O. Lee dated September 14, 2005 and issued letters testamentary to petitioner.

It is hereby ORDERED that the decree so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner filed a petition seeking, inter alia, to probate the will of Harry O. Lee (decedent) dated September 14, 2005 (2005 will). Objectants filed objections to the probate of the 2005 will, alleging, inter alia, that the 2005 will was procured by undue influence on the part of petitioner. Following a trial, Surrogate's Court denied the objections, admitted the 2005 will to probate and issued letters testamentary to petitioner. Objectants appeal, and we affirm.

We note as background that decedent had three daughters—petitioner, Georgia Lee and Jennifer Lee-Pryor—and four grandchildren—petitioner's three children and Georgia Lee's daughter, objectant Lisa Ananias. In 2005, decedent made changes to a will he executed in 2002. Decedent's 2002 will provided for a $5,000 bequest to Unity House of Troy and a $10,000 bequest to each of his four grandchildren, and further provided that the remainder of the estate was to be divided equally between his three daughters. Decedent's 2005 will provided for a $5,000 bequest to Unity House of Troy and a $10,000 bequest to only three grandchildren, i.e., to petitioner's children, and provided that the remainder of his estate was to be divided equally between Lee-Pryor and petitioner. The 2005 will stated that decedent made no provisions for his daughter Georgia Lee "not for any lack of affection for her but because [he had] already

made adequate provisions for her in the Harry O. Lee revocable inter vivos trust." The 2005 will also stated that decedent made no provisions for his granddaughter Ananias "not for any lack of affection for her but because she has already received in excess of any other granddaughter during her and [decedent's] lifetime."

We reject objectants' contention that petitioner exercised undue influence over decedent in making the 2005 will. It is well settled that a will contestant seeking to prove undue influence must show the "exercise [of] a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity [that] could not be resisted, constrained the testator to do that which was against [his or] h[er] free will" (*Matter of Kumstar*, 66 NY2d 691, 693, *rearg denied* 67 NY2d 647 [internal quotation marks omitted]). "Undue influence must be proved by evidence of a substantial nature . . . , e.g., by evidence identifying the motive, opportunity and acts allegedly constituting the influence, as well as when and where such acts occurred" (*Matter of Makitra*, 101 AD3d 1579, 1581 [internal quotation marks omitted]). "Mere speculation and conclusory allegations, without specificity as to precisely where and when the influence was actually exerted, are insufficient to raise an issue of fact" (*Matter of Walker*, 80 AD3d 865, 867, *lv denied* 16 NY3d 711).

Here, objectants contend that the will was the product of undue influence because petitioner was decedent's power of attorney and controlled every aspect of decedent's life at the time that the 2005 will was executed. There is, however, "no direct evidence that petitioner did anything to actually influence decedent's distribution of [his] assets, and [objectants'] speculative assertions are insufficient" to demonstrate undue influence (*id.* at 868). Additionally, decedent's changes to his will do not constitute an "unexplained departure from a previously expressed intention of decedent" (*Matter of Walther*, 6 NY2d 49, 55). Based upon our review of the record, we see no reason to disturb the Surrogate's findings, "which are entitled to great weight inasmuch as they hinged on the credibility of the witnesses" (*Makitra*, 101 AD3d at 1581 [internal quotation marks omitted]).

Entered: June 7, 2013

Frances E. Cafarell
Clerk of the Court