# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**599**
**CA 14-01308**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, AND VALENTINO, JJ.

---

IN THE MATTER OF PROBATE OF THE LAST WILL
AND TESTAMENT OF ROBERT BODKIN, ALSO KNOWN AS
ROBERT C. BODKIN, DECEASED.
--------------------------------------------------  MEMORANDUM AND ORDER
ROBIN P. GRAHAM, PRELIMINARY EXECUTOR OF THE
ESTATE OF ROBERT BODKIN, ALSO KNOWN AS ROBERT C.
BODKIN, DECEASED, PETITIONER-RESPONDENT;

DAWN GUETTI AND WILLIAM J. BODKIN,
OBJECTANTS-APPELLANTS;

NEW YORK STATE ATTORNEY GENERAL'S OFFICE,
RESPONDENT.
(APPEAL NO. 3.)

---

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (LESLIE MARK
GREENBAUM OF COUNSEL), FOR OBJECTANTS-APPELLANTS.

PHILLIPS LYTLE LLP, BUFFALO (ALAN J. BOZER OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Surrogate's Court, Erie County
(Barbara Howe, S.), entered March 28, 2014.  The order granted the
motion of petitioner for summary judgment dismissing the objections to
probate.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Following the death of Robert Bodkin (decedent),
petitioner filed a petition to probate decedent's will dated November
3, 2011.  Objectants, a niece and nephew of decedent, filed objections
contending, inter alia, that decedent lacked testamentary capacity at
the time the will was executed and that the will was procured by undue
influence.  In appeal No. 1, objectants appeal from an order denying
their motion to disqualify Phillips Lytle LLP (Phillips Lytle) from
representing petitioner.  In appeal No. 2, objectants appeal from an
order denying their motion and supplemental motion to compel
disclosure and, in appeal No. 3, objectants appeal from an order
granting petitioner's motion for summary judgment dismissing their
objections to probate.

We conclude in appeal No. 1 that Surrogate's Court properly
denied objectants' motion to disqualify Phillips Lytle.  The sole

basis for the motion was the advocate-witness rule found in rule 3.7 (b) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0) (former Code of Professional Responsibility DR 5-102 [b] [22 NYCRR 1200.21 (b)]), which provides in relevant part that "[a] lawyer may not act as advocate before a tribunal in a matter if: . . . another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client" (*see generally S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446). Here, attorneys from Phillips Lytle drafted the will and witnessed its execution. A different attorney from Phillips Lytle is representing petitioner in this proceeding. It is well settled that the party seeking disqualification under the advocate-witness rule is "required to identify the projected testimony of the witness and show that it would be so adverse to the factual assertions or account of events offered on behalf of the client as to warrant his [or her] disqualification" (*Martinez v Suozzi*, 186 AD2d 378, 379). Upon our review of the papers submitted in support of the motion, we conclude that objectants failed to establish that any testimony from an attorney at Phillips Lytle would be prejudicial to petitioner (*see Vecchiarelli v Continental Ins. Co.*, 216 AD2d 909, 910; *Transcontinental Constr. Servs. v McDonough, Marcus, Cohn & Tretter*, 216 AD2d 19, 19; *cf. Cooley v Brooks*, 210 AD2d 951, 952). To the extent that objectants raise additional grounds for disqualification for the first time on appeal, we conclude that those grounds are not preserved for our review (*see Smothers v County of Erie*, 272 AD2d 906, 906; *Nemia v Nemia*, 124 AD2d 407, 408, *lv denied* 69 NY2d 611).

Contrary to the contentions of objectants in appeal No. 2, the Surrogate did not abuse her discretion in denying the motion and supplemental motion to compel disclosure inasmuch as objectants failed to comply with the requirements of 22 NYCRR 202.7 (a) (2) and (c) (*see Yargeau v Lasertron*, 74 AD3d 1805, 1805-1806; *Amherst Synagogue v Schuele Paint Co., Inc.*, 30 AD3d 1055, 1056-1057).

Finally, we agree with petitioner in appeal No. 3 that the Surrogate properly granted her motion for summary judgment dismissing the objections and admitted the will to probate. As objectants correctly concede, petitioner met her initial burden on the motion with respect to the two grounds raised by objectants. First, petitioner established that, at the time he executed the will, decedent was not suffering from any cognitive issues that would have affected his ability to understand " 'the nature and consequences of executing a will; . . . the nature and extent of the property [he] was disposing of; and . . . those who would be considered the natural objects of [his] bounty and [his] relations with them' " (*Matter of Kumstar*, 66 NY2d 691, 692, *rearg denied* 67 NY2d 647). Second, petitioner established that the will was not procured by undue influence (*see generally Matter of Walther*, 6 NY2d 49, 53-54; *Matter of Panek*, 237 AD2d 82, 84).

Contrary to objectants' contention, they failed to raise a triable issue of fact on either ground. Although decedent was suffering from numerous health issues that would prove fatal and had

been administered morphine over six hours before executing the will, objectants' speculation about the effects that the illnesses or prescribed medication may have had on decedent's testamentary capacity is insufficient to raise a triable issue of fact and prevent probate (*see Matter of Eshaghian*, 54 AD3d 860, 861; *Matter of Van Patten*, 215 AD2d 947, 950-951, *lv denied* 87 NY2d 802; *see generally Kumstar*, 66 NY2d at 692). Here, the only evidence before the Surrogate was that decedent was lucid and alert at the time he executed the will.

With respect to undue influence, objectants submitted nothing more than speculation to support their allegations of undue influence, and it is well settled that " '[m]ere speculation and conclusory allegations . . . are insufficient to raise an issue of fact' " (*Matter of Lee*, 107 AD3d 1382, 1383; *see Matter of Rottkamp*, 95 AD3d 1338, 1340; *see generally Walther*, 6 NY2d at 55-56).

Finally, although objectants raised several other grounds for their objections before the Surrogate, they have failed to brief any issue concerning those grounds on appeal, and we therefore deem those issues abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered: May 8, 2015                           Frances E. Cafarell
                                               Clerk of the Court