■ In the Matter of the Estate of MYRTLE R. ALBERTS, Deceased. JEAN R. SHAMBO, Respondent; HAROLD RIVENBURGH et al., Appellants. — Appeal from a decree of the Surrogate's Court of Schenectady County (Severson, S.), entered March 17, 1981, which admitted to probate an instrument purporting to be the last will and testament of the deceased. On February 19, 1979, decedent, then 94 years of age, executed a will leaving a house and land in Schoharie County, as well as all her personal property, to proponent Jean Shambo, a former social service worker who had befriended and cared for decedent during the last year of her life. After the testatrix' death on December 24, 1979, proponent, who had been nominated the sole executrix, offered the will for probate. Decedent's closest relatives, a brother and a niece, neither of whom had contacted decedent for several years, filed objections, charging lack of testamentary capacity and undue influence. In the jury trial that followed, the objectants demonstrated that decedent did not own any property in Schoharie County at the time of her death or on the date she executed the will; that although she told the attorney who drew the will she had no safe deposit box, she did indeed have one; and further that decedent made no disposition of an uninhabitable Schenectady home she then owned. The subscribing witnesses, the attorney who drafted the will and his secretary, testified that the testatrix appeared rational and in control of her faculties at the will's execution, that she apparently thought she had retained some sort of reversionary interest in the

Schoharie property and that she may have referred to the safe deposit box as a vault, thus misunderstanding the attorney's question on that point. The Surrogate put the issues of testamentary capacity and undue influence to the jury and these issues were resolved in favor of proponent. We find no basis for overturning that determination. The only arguable issue this record presents is whether decedent knew the scope and extent of her property, a question, given the conflicting evidence, which was properly left for the jury to resolve (*Matter of Flynn,* 71 AD2d 891). Moreover, the reference in the will to Schoharie County property may have resulted from the testatrix' misapprehension of a prior conveyance of that property and would not necessarily invalidate her will (*Matter of Santamorina,* 213 NYS2d 555). Decree affirmed, without costs. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Levine, JJ., concur.