■ In the Matter of the Estate of CLARA E. BUCKTEN, Deceased.—Order unanimously reversed on the law and facts without costs and amended petition granted. Memorandum: Following a trial in this proceeding for the probate of a will, the Surrogate concluded that proponent failed to demonstrate due execution of the will because there was no credible evidence that the decedent requested the witnesses to sign (see, EPTL 3-2.1 [a] [4]). Although the decedent did not express a request that either witness sign, such a request may be

inferred from her conduct and from circumstances surrounding execution of the will *(see, Coffin v Coffin,* 23 NY 9; *Matter of Mullenhoff,* 278 App Div 963; *see generally,* 2B Warren's Heaton, Surrogate's Court § 186-A, ¶ 8 [c] [6th ed]; 1 Tarbox, Harris' New York Estates Practice Guide § 11:66 [4th ed]). In this case, one of the witnesses asked, in decedent's presence, who the other witness was to be and was advised of the identity of that witness. When the second witness entered decedent's bedroom, in decedent's presence, the decedent's stepson asked that person to serve as a witness. Decedent read her will, and when asked by a witness if she knew what the document was, stated that it represented changes in her will; that she understood the document; that she was comfortable with it; and that it said what she wanted done. Decedent then signed the will below the phrase "IN WITNESS WHEREOF", and the witnesses subscribed their names and addresses below the attestation clause in decedent's presence and in the presence of each other. The decedent was not unfamiliar with the execution of wills; she had executed at least two prior wills. We conclude that a request to sign is inferable from these circumstances *(see, Coffin v Coffin, supra; Matter of Mullenhoff, supra)* and that proponent proved due execution of the will.

The court's finding that proponent failed to demonstrate that decedent possessed sufficient testamentary capacity is contrary to the weight of evidence. Although evidence was presented that, upon admission to the nursing home five days before execution of the will and during much of her stay at the nursing home, decedent was confused, that testimony also reveals that she had lucid intervals. Two days before execution of the will, decedent signed a power of attorney. The attorney who was present when she signed the power of attorney indicated that decedent was "very frail, very thin, but alert of mind as I could see it." Decedent, on her own initiative, asked the attorney to prepare a will. Finally, the subscribing witnesses testified that decedent was alert, understood what she was signing and was aware that the will included changes in the distribution of her estate. That evidence more than satisfied proponent's burden of proving testamentary capacity *(see, Matter of Hedges,* 100 AD2d 586; *Matter of Bush,* 85 AD2d 887).

The Surrogate, however, found the testimony of the subscribing witnesses to be of "little, if any, probative value", and as a result, that proponent did not satisfy his burden of proving testamentary capacity by a preponderance of the *credible* evidence. Although the trial court's assessment of

credibility is entitled to considerable deference *(see, Arnold v State of New York,* 108 AD2d 1021, 1023, *appeal dismissed* 65 NY2d 723), in our view, the record does not support the Surrogate's observations that the witnesses "appeared to testify in a controlled and calculating manner", and that one of the witnesses had "a selective and convenient memory." Further, the Surrogate improperly considered the conduct of the subscribing witnesses as impacting upon their credibility. During a recess, the court personally observed the subscribing witnesses, who were coemployees, talking with each other in what the court perceived to be a violation of its previous admonitions to the witnesses not to discuss their testimony with each other. The record does not support the court's conclusion that they were discussing their testimony. In these circumstances, the court should have disclosed to counsel the fact of its observation and its intention to consider the perceived violation in its assessment of the evidence and should have permitted counsel to examine the witnesses concerning the substance of their conversation *(see, Capitol Cab Corp. v Anderson,* 194 Misc 21, *affd* 197 Misc 1035).

In light of its findings, the trial court did not reach the issue of undue influence. In the interests of judicial economy, we have reviewed the record and find that the objectant failed to establish the existence of undue influence. (Appeal from Order of Onondaga County Surrogate's Court, Wells, S.—Will Contest.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.