■ In the Matter of the Estate of NATHANIEL COLBY, Deceased. RUTH GOLDBERG, Respondent; HERBERT ASHERMAN, as Preliminary Executor of ESTHER ASHERMAN, Deceased, et al., Appellants, and DIANE OSBORN, Respondent. [660 NYS2d 3] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered July 17, 1996, which, insofar as appealed from, denied objectants-appellants' motions for summary judgment denying probate of three codicils and removing the preliminary executrix, and decree, same court and Surrogate, entered February 3, 1997, which admitted the will and all of the codicils to probate and dismissed the objections, but held in abeyance the determination with respect to the appointment of petitioner as executrix pursuant to the first codicil pending the filing of her accounting as preliminary executrix, unanimously affirmed, without costs.

Petitioner preliminary executrix's successful efforts in having herself appointed the decedent's guardian only months before he executed the first of the three codicils does not collaterally estop her from arguing that the decedent possessed testamentary capacity at the time he executed the codicils, since a finding of incapacity under Mental Hygiene Law article 81 is based upon different factors from those involved in a finding of testamentary capacity (*compare, Matter of Maher*, 207 AD2d 133, 140, *lv denied* 86 NY2d 703, *with Matter of Kumstar*, 66 NY2d 691, 692). While the decedent was concededly susceptible to undue influence, there was no evidence of the preliminary executrix/guardian's involvement in the drafting of the testamentary instruments, and thus the burden never shifted to her to demonstrate freedom from undue influence

(*Matter of Bartel*, 214 AD2d 476). The objectants' evidence of undue influence was negligible, and the mere opportunity for undue influence does not mean that it was exercised (*Matter of Bobst*, 234 AD2d 7).

Dismissal of Mr. Rachbach's objections, the executor appointed under the decedent's will but removed under the first codicil, was a proper exercise of discretion, inasmuch as the administration of the estate was near an end, this objectant was a defendant in another action brought by the estate and his only interest was in his commissions and attorneys' fees. Nor do we find any impediment to the Surrogate's exercise of her discretion at a late juncture in the proceedings after having initially granted Mr. Rachbach leave to file objections.

Mrs. Asherman's objections were properly dismissed for lack of standing to object to the probate of the first codicil because, as a practical matter, the administration of the estate was near a close and the executrix to whom she objected had only to file her accounting as preliminary executrix. The Surrogate correctly perceived that this objectant lost nothing by virtue of the second codicil, which merely corrected a legal misnomer to properly identify the items of personal property in the decedent's cooperative apartment that had already been bequeathed to the executrix's husband and, contrary to objectant Asherman's assertion, would not have become part of the residuary to which she was entitled.

We note that, on oral argument, petitioner waived all rights to personalty, if any, of the estate.

We have considered appellants' other contentions and find them to be without merit.

Motion for an order of substitution, pursuant to CPLR 1021, designating Herbert Asherman, preliminary executor of the estate of Esther Asherman, a party to these proceedings, on grounds of the death of Esther Asherman, is granted. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Mazzarelli, JJ.