■ In the Matter of the Estate of BERNARD S. HINMAN, Deceased. LOIS J. HALE, Appellant; MARY HAMILTON, Respondent. [662 NYS2d 948] —Decree unanimously reversed on the law without costs and petition granted. Memorandum: The Surrogate erred in denying the petition to admit to probate the last will and testament of Bernard Sidney Hinman. The will leaves the testator's entire estate to proponent, one of decedent's eight children. Proponent met her burden of proving that the testator possessed testamentary capacity at the time he executed the will (see, Matter of Kumstar, 66 NY2d 691, 692, rearg denied 67 NY2d 647). The subscribing witnesses testified that decedent was alert and rational and that he understood what he was doing when he drafted and signed the will (see, Matter of Kumstar, supra, at 692; Matter of Buckten, 178 AD2d 981, 982, lv denied 80 NY2d 752; Matter of Hedges, 100 AD2d 586, 588; Matter of Alberts, 87 AD2d 671, lv denied 57 NY2d 607). Proponent also presented undisputed evidence that decedent was self-sufficient and had always managed his

own financial affairs (*see, Matter of Burack*, 201 AD2d 561; *Matter of Gearin*, 132 AD2d 799, 801, *lv denied* 70 NY2d 613; *Matter of Bush*, 85 AD2d 887, 888). While decedent postponed making a will until he was gravely ill, "[t]he will was not the result of a sudden impulse but of a definite purpose" (*Matter of Eno*, 196 App Div 131, 150). Proponent presented uncontroverted proof establishing that the disposition of the estate under the will is consistent with decedent's longstanding desire to provide for proponent, who cared for decedent during his illness and lacked the financial security enjoyed by her siblings (*see, Matter of Santamorina*, 213 NYS2d 555; *see also, Matter of Horton*, 26 Misc 2d 843, 845, *affd* 13 AD2d 506; *Matter of Donohue*, 199 App Div 466, 470).

The fact that the will contains a provision that "the money in the Credit Union goes to [proponent]" is insufficient to support the Surrogate's determination that decedent lacked testamentary capacity. It is uncontested that decedent closed his only credit union account prior to executing the will and, in any event, the bequest is unnecessary in light of the provision leaving the entire estate to proponent. Nevertheless, decedent's apparent confusion with respect to that bequest, without more, is insufficient to support the Surrogate's inference that decedent did not understand the nature and extent of the property in his estate (*see, Matter of Kumstar, supra*, at 692; *see also, Matter of Alberts, supra; cf., Matter of Delmar*, 243 NY 7, 14, *rearg denied* 243 NY 595; *Matter of Fish*, 134 AD2d 44; *Matter of Slade*, 106 AD2d 914). (Appeal from Decree of Allegany County Surrogate's Court, Feeman, Jr., S.—EPTL.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.