■ In the Matter of the Estate of JACK L. FRANK, Deceased. ROBERT G. EVANS, JR., et al., Appellants; LISA FRANK et al., Respondents. [672 NYS2d 556] —Decree unanimously reversed on

the law without costs, motion granted and cross motion denied. Memorandum: In this contested probate proceeding, proponents Robert G. Evans, Jr., the draftsman and executor, and Eastman School of Music, the residuary legatee, moved for summary judgment dismissing the objections of Lisa and Nancy Frank (objectants) and admitting to probate the last will and testament of Jack L. Frank (decedent). Objectants, decedent's daughters, cross-moved for summary judgment dismissing the petition for probate and revoking the preliminary limited letters testamentary previously granted. Surrogate's Court erred in denying the motion and granting the cross motion.

The record establishes that the will was duly executed pursuant to the requirements of EPTL 3-2.1 (a) (3) and (4). Contrary to the court's determination, substantial compliance with those requirements is sufficient (*see, Lane v Lane*, 95 NY 494, 499; *Gilbert v Knox*, 52 NY 125, 129; *Matter of Hedges*, 100 AD2d 586, 587). Uncontroverted proof that Evans announced to the subscribing witnesses, in decedent's presence, that decedent was executing a will is sufficient to satisfy the requirement of an express declaration (*see*, EPTL 3-2.1 [a] [3]; *Lane v Lane, supra*, at 500-501; *Matter of Eckert*, 93 Misc 2d 677, 679-680). Further, although decedent did not expressly request that either witness sign the will, "such a request may be inferred from [his] conduct and from circumstances surrounding execution of the will" (*Matter of Buckten*, 178 AD2d 981, 981-982, *lv denied* 80 NY2d 752; *see*, EPTL 3-2.1 [a] [4]). Those circumstances include the request made by Evans, in the presence of decedent "and with his silent permission and approval", that the witnesses sign the will (*Matter of Nelson*, 141 NY 152, 157; *see, Gilbert v Knox, supra*, at 129; *Matter of Buckten, supra*).

Proponents also met their burden of establishing that decedent possessed testamentary capacity at the time he executed the will (*see, Matter of Hinman*, 242 AD2d 900; *Matter of Coniglio*, 242 AD2d 901). Further, the record establishes that the will was not the product of fraud or undue influence (*see, Matter of Coniglio, supra; Matter of Colby*, 240 AD2d 338, *lv denied* 91 NY2d 801; *Matter of Esberg*, 215 AD2d 655, 656). We have considered objectants' remaining objections to the residuary bequest and conclude that they are lacking in merit. (Appeals from Decree of Monroe County Surrogate's Court, Ciaccio, S.—Probate.) Present—Denman, P. J., Green, Pine, Callahan and Fallon, JJ.